JOHN S. COTTRELL, Trustee, vs PATRICK KENNEY.

PROVIDENCE—APRIL 15, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Statutes of Limitation.  Absence from State.*

Pub. Stat. 1882, cap. 205, § 5, providing that "If any person against whom
there is or shall be cause for any action, hereinbefore enumerated, in
favor of a resident therein, shall at the time such cause accrue be with-
out the limits of the state, or, being within the state at the time such
cause accrue, shall go out of the state before said action shall be barred
by the provisions of this chapter, and shall not have or leave property
or estate therein that can by common and ordinary process of law be
attached, then the person entitled to such action may commence the
same, within the time before limited, after such person shall return into
the state in such manner that an action may with reasonable diligence
be commenced against him by the person entitled to the same," does
not add a certain increment to so-much of the prescribed period of limi-
tation as has already passed, but fixes a new time for the prescribed
period of limitation to begin.

ASSUMPSIT.  Heard on petition of defendant for new trial,
and petition denied.

DOUGLAS, J.  This is an action of assumpsit brought Feb-
ruary 23, 1897, upon a promissory note which became due
March 3, 1884.  The only defence set up was the statute of
limitations.  At the trial in the Common Pleas Division the
evidence introduced by the plaintiff showed that the defendant
left the State about April, 1886, and that he returned in the
summer of 1894.  The defendant offered to prove that he did
not leave the State until 1889, and returned again in 1893
and had resided in the State ever since; which would have
established a residence in the State, between the time of the
accruing of the action and the date of the writ, of more than
six years altogether, though divided into two periods of less
than six years each.

The presiding justice ruled this evidence to be immaterial,
and, there being no dispute that the claim was a valid one
unless barred by the statute, directed a verdict for the plain-

tiff. The defendant duly excepted to the ruling and alleges it as a ground for a new trial.

The only question involved is upon the construction of section 5, chapter 205, of the Public Statutes of 1882, which now appears in substantially the same words as section 5 of chapter 234 of the General Laws, as follows:

"If any person against whom there is or shall be cause for any action, hereinbefore enumerated, in favor of a resident therein, *shall at the time such cause accrue be without the limits of the State,* (or) BEING WITHIN THE STATE AT THE TIME SUCH CAUSE ACCRUE, SHALL GO OUT OF THE STATE BEFORE SAID ACTION SHALL BE BARRED BY THE PROVISIONS OF THIS CHAPTER, and shall not have or leave property or estate therein that can by (common and ordinary) process of law be attached, then the person entitled to such action may commence the same, within the time before limited, after such person shall return into the state in such manner that an action may with reasonable diligence be commenced against him by the person entitled to the same."

The defendant's contention is that the effect of the law is to require of the defendant in an action of the case six years' residence in the State before he can plead the statute, but that these six years may be made up at different times; or, in other words, that in reckoning the time of limitation after a cause of action accrues, periods when the defendant is absent from the State shall be excluded. He advances some considerations, based upon supposed expediency, for this view; but he fails to point out any language in the statute that is capable of that construction. In other States which have enacted provisions on the subject the words of the statute aptly express the mode of computing the period of limitation. In these statutes such expressions as the following occur: "The time of absence shall not be taken as any part of the time limited for the commencement of the action," or "shall not be computed as a part of the period within which the action must be brought," or "shall be excluded in computing," or similar words equally specific.

Such words were equally at the service of our General Assembly if they had desired to express the same idea.

In our statute there is only one word which is capable of misleading, and this liability was corrected by the court many years ago. In *Crocker* v. *Arey*, 3 R. I. 178, it was contended that the word "return" implied a previous residence in the State, but the court held that, as here used, it applied equally to a first entry as to a second one. This is very clearly shown by the history of this provision on our own statute book which the plaintiff's counsel has industriously traced, as follows:

Laws of 1798, 472, § 2: "And be it further enacted. That if any person or persons against whom there is or shall be any cause of suit for every and any of the species of actions hereinbefore enumerated, who at the time the same accrued WAS WITHOUT THE LIMITS OF THIS STATE, and did not leave property or estate therein that could by the common and ordinary process of law be attached, that then, and in such case, the person who is entitled to bring such suit or action shall be at liberty to commence the same within the respective periods before limited, after such person's return into the state."

May 1, 1801, an act fixed November 5, 1798, as the time the foregoing act should be considered as having taken effect. Sess. Laws, p. 51.

October, 1804, the act was suspended. Sess. Laws, p. 115.

October, 1805, the act was further suspended. Sess. Laws, p. 125.

March 1, 1806, former suspensions modified so that the act should be considered as having taken effect February 1, 1801, Sess. Laws, p. 130.

1822, Revised Laws, p. 365, § 2: "And be it further enacted. That if any person or persons against whom there is or shall be any cause of suit for every and any of the species of actions hereinbefore enumerated, who at the time the same accrued WAS WITHIN THE LIMITS OF THIS STATE AND SHOULD GO OUT OF THE STATE BEFORE SAID CAUSE OF ACTION SHOULD BE BARRED BY THIS ACT, and did not leave property or estate therein that could, by the common and ordinary process of law, be attached; that then, and in such case, the person who is

entitled to bring such suit or action shall be at liberty to commence the same within the respective periods before limited after such person's return into this state."

In this revision the provision of 1798 was accidentally omitted, which omission was corrected by act of May 2, 1822, re-enacting it in identical language.   Pub. Laws 1822, p. 535.

The Revision of 1844, p. 221, § 2, reads:  "If any person against whom there is or shall be cause for any action, hereinbefore enumerated, shall *at the time such cause accrue, be without the limits of this state*, (or) BEING WITHIN SAID STATE AT THE TIME SUCH CAUSE ACCRUE, SHALL GO OUT OF SAID STATE BEFORE SAID ACTION SHALL BE BARRED BY THIS ACT, and shall not have or leave property or estate therein that can, by the common and ordinary process of law, be attached, then, and in such case, the person entitled to such action may commence the same, within the time before limited, after such person's return into this state."

1857, Rev. Stats. cap, 177, § 5, p. 429, reads:  "If any person, *a resident of this state*, against whom there is or shall be cause for any action hereinbefore enumerated, *in favor of a resident therein*, shall, at the time such cause accrue, be without the limits of this state, or, being within said state at the time such cause accrue, shall go out of the state before said action shall be barred by *the provision of this chapter*, and shall not have or leave property or estate therein that can, by the common and ordinary process of law, be attached, then the person entitled to such action may commence the same, within the time before limited after such person shall return into this state *in such manner that an action may, with reasonable diligence, be commenced against him by the person entitled to the same.*"

The italicized words are additions to the act of 1844.

August 10, 1861, cap. 390, the restrictions to residents of this State was stricken out as to defendants.

1872, Gen. Stats. cap. 194, § 5, p. 447, reads the same as 1857, with the words "a resident of this state" stricken out.

1882, Pub. Stats. cap. 205, § 5, p. 556, reads the same as 1872.

1896, Gen. Laws cap. 234, § 5, p. 810, reads same as 1882, with the words "common and ordinary" before "process of law" dropped out.

It will be observed that the provisions with respect to the two classes of defendants referred to, those who are out of the State when the action accrues and those who are in the State when the action accrues but go out of it before the period of limitation has expired, were enacted at different times and, until the revision of 1844, were contained in separate paragraphs; but in both cases, from the first, the time of return into the State was made the beginning of a new period of limitation.

In 1857 the benefit of the provision was restricted to defendants who were residents of this State, and this restriction was repealed in 1861.

In 1857 the words "in such a manner that an action may with reasonable diligence be commenced against him," etc., qualifying the return, were first added. The object of this clause is apparent. After the "return" the statute begins to run, and no subsequent absence affects it. Hence, a surreptitious or furtive visit to the State, or one made on a day when no civil process could be served, is excluded from the meaning of the word as here used.

(1) The true meaning of the statute is expressed in very plain language.

The first four sections of the chapter prescribe the periods within which various common-law actions may be brought after the several causes of action accrue.

This section provides for a different computation of the period of limitation in two specified cases: First, when the cause of action accrues when the defendant is out of the State.

Secondly. When the defendant goes out of the State after the cause of action has accrued and before the limited time for bringing the action has expired.

In both cases a new time is fixed at which the statute begins to run; *i. e.*, when the defendant comes or returns into the State in such manner that the plaintiff can begin his action against him.

Under this section the coming or return into the State is analogous to a new promise in an action of assumpsit. It does not add a certain increment to so much of the prescribed period of limitation as has already passed, but it fixes a new time for the prescribed period of limitation to begin.

It follows from the words of the statute that the plaintiff's claim was not barred, and the verdict in his favor was properly directed.

Petition for new trial denied.

*Harrison A. McKenney*, for plaintiff.

*Tillinghast & Murdock*, for defendant.