CASE 11—ACTION BY A. E. POYNTER AGAINST WILLIAM BYBEE'S EX-
ECUTOR AND OTHERS TO RECOVER MONEY DUE HER BY SAID EX-
ECUTOR AND BY HER GUARDIAN.—DEC. 16.

# Bybee's Exr., &c. v. Poynter.

APPEAL FROM BARREN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL. REVERSED.

GUARDIAN AND WARD—GUARDIAN'S BOND—SURETIES—LIABILITY—AC-
TIONS—LIMITATION—PERSONS ENTITLED TO PLEAD—HEIRS—SUS-
PENSION OF STATUTE—NON-RESIDENTS..

Held:    1. Where a judgment against a guardian imposed a lien
on real estate, the court of appeals had jurisdiction of an ap-
peal therefrom without regard to the amount of the judg-
ment.

2. Kentucky Statutes, 1899, section 2521, provides that a ward's
right of action on her guardian's official bond shall not be deem-
ed to have accrued until the ward attains the age of twenty-
one years; and section 2550 declares that a surety for a guar-
dian shall be discharged when the five years shall have elapsed
without suit after the accruing of the cause of action. HELD
that, where no suit was brought against sureties on a guar-
dian's bond for his defalcation until more than five years had
elapsed after the ward became of age, the sureties were dis-
charged from liability.

3. Where, at the time suit was brought on a guardian's bond, the
claim was barred by limitations as against defendant's deceased
father, who was a surety on the guardian's bond, defendant
was entitled to interpose the plea of limitations with the same
effect that his father could if he had been living, in order to
relieve from liability defendant's interest in certain real es-
tate which had descended to him from his father.

4. Kentucky Statutes, 1899, section 2531, provides that where a
cause of action accrues against a resident of the State, and he,
by departing therefrom, obstructs prosecution of the action, the
time of the continuance of such absence from the State, or
obstruction, shall not be computed as any part of the period
within which the action may be commenced. HELD that, where

a defendant was not a resident of the State when plaintiff's cause of action accrued, the fact that he had previously been a resident of the State, and had removed therefrom, did not prevent the running of limitations in his favor.

WILLIAMS & UNDERWOOD, FOR APPELLANTS.

William Bybee, now deceased, became surety on the bond of his son, R. D. Bybee, as guardian for appellee, January 3, 1881. William Bybee died in October, 1885, testate. Appellee reached her majority, June 21, 1891. On July 13, 189ᵪ, she made a settlement with her guardian for balance due her and took his note for same $248.65, and took a mortgage on two mules as security.

She filed suit on this mortgage March 18, 1902, and realized eighty-five dollars by sale of the mules, and was afterwards paid a horse at fifty dollars. Appellants, Clinton Bybee and R. D. Bybee, qualified as executors of their father, William Bybee, deceased.

This suit was filed November 19, 1902 against George Bybee as one of the heirs and devisees of William Bybee, deceased, to recover the balance due appellee by said guardian and judgment was given for such balance against George Bybee, one of the heirs of William Bybee, deceased, on the ground that he had received estate from his father who was surety on said guardian bond.

We submit:

1. That the action can not be maintained in the name of the Commonwealth after the ward has become of age.

2. That the right of action accrued to the ward when she arrived at the age of twenty-one years, and is barred by the five years statute of limitations.

3. That the surety having been released by limitation, the heir of the surety is also released.

### AUTHORITIES CITED.

Kentucky Statutes, secs. 2521, 2549, 2550, 2552; Hargis v. Sewell, 87 Ky., 63; Schwearman v. Commonwealth, 99 Ky., 296; Davis' Admr. v. Auxier, 19 R., 719.

LUTHER JAMES, FOR APPELLEE.

This action was instituted to subject the interest of George Bybee in a house and lot which he inherited from his deceased

father, William Bybee, to the payment of a debt owing by
R. D. Bybee, who is insolvent, to the plaintiff, A. E. Poynter
as her guardian, and on whose guardian bond William Bybee,
deceased, was surety, the said George Bybee having been a
non-resident of this State since 1876.

1. We contend that this court has no jurisdiction of this ap-
peal, because neither the subject matter nor the amount in con-
troversy is sufficient, under the Code, to authorize this court
to review the judgment.

2. That the defendant having been a non-resident at the time
appellant's cause of action accrued, and having continuously re-
mained absent from the State, the statute of limitations did
not run against him and is no bar to an action to subject the
estate inherited by him from his father to the payment of his
father's liability on said guardian bond.

### AUTHORITIES CITED.

Jurisdiction. 11 R., 972, 93 Ky., 1; The Statute of Limitations.
Kentucky Statutes, secs. 2532, 2538; Bennett v. Devlin, 17 B.
Mon., 353.   The lien.   Kentucky Statutes, sec. 2089; Craig's
Exr. v. Anderson, &c., 96 Ky., 425; Brittain v. Lankford, 22
R., 1899.

OPINION OF THE COURT BY JUDGE NUNN—REVERSING.

It appears that R. D. Bybee was on the 3d of January,
1880, appointed public administrator and guardian for Barren
county, Ky., and thereupon executed a bond as such, con-
taining the usual covenants, with William Bybee, his father,
and Clinton Bybee, his brother, as sureties.    After the ex-
ecution of this bond, and in the same year, R. D. Bybee re-
ceived as such guardian $190.13 belonging to the appellee,
who was then an infant, and arrived at the age of 21 years
in the month of June, 1891. She within two or three years af-
ter that married one Poynter. Her former name was Kinslow.
In the month of October, 1891, her guardian made a settle-
ment with the county court, and it was ascertained that he
then was indebted to appellee in the sum of $248.     R. D.
Bybee then gave her a mortgage on two mules to better secure

this sum to her. Appellee enforced this mortgage lien in the year 1892, and obtained a judgment against her guardian for this sum of $248, with interest, and enforcing the lien. The mules were sold; and, after paying the costs of the suit, she received of the proceeds $85. She further received from her guardian in 1898 one mare at the price of $50. Appellee in November, 1902, instituted this action upon the guardian's bond, to secure the balance due her, against R. D. Bybee, public administrator and guardian; R. D. Bybee, executor of the will of Wm. Bybee, R. D. Bybee, Clinton Bybee, and George Bybee. William Bybee, one of the sureties on this bond, died in the year 1885. By his will he nominated his sons R. D. Bybee and Clinton Bybee his executors, and, after making provision for his wife, Anna Bybee, he directed that the remainder of the estate be divided equally between his three sons, R. D., Clinton, and George Bybee. It appears that George Bybee, under this will, secured from the executors about $800 about the year 1888. William Bybee, by his will, devised to his wife, Anna, for life, a house and lot in the town of Glasgow, Ky., and at her death it was to go to his three sons herein named, and directed that his executors, at the death of their mother, sell this property, and divide the proceeds equally between themselves and their brother George. Their mother died in the year 1898. Appellee, in her petition, alleged the date of the death of William Bybee; the appointment of his executors in the year 1885; that, George Bybee, as devisee, had received of the personal estate of his father more than $300—and described this house and lot in Glasgow, Ky., for the purpose of obtaining a lien on it, and enforcing appellants' liability as devisees under their father's will. as provided by sections 2084, 2089, Ky. Stats., 1899. The appellants answered, and denied the

liability of the sureties of R. D. Bybee on this bond, and interposed the plea of the statute of limitations. Appellee replied, denying that they were released by such statute, and alleged that George Bybee had, since long before her cause of action accrued, been a nonresident of the State of Kentucky; that his place of abode was out of this State; and for this reason she was obstructed and hindered in bringing and prosecuting her action against him. The court rendered judgment against all the appellants for the debt, and adjudged that appellee had a lien on George Bybee's interest in the house and lot at Glasgow, and enforced same, and stated in the judgment that it appeared that this house and lot had been sold in an action by the executors, and the proceeds of the sale were ordered to be paid to the master commissioner. It was further ordered that the two actions be consolidated, and, when the proceeds of sale were collected, the commissioner was ordered, out of George Bybee's one-third interest, to pay appellee's debt, interest and costs.

Appellee moved to dismiss this appeal, claiming that the principal of the judgment is less than $200, and that for that reason this court has not jurisdiction. This appeal is from a judgment enforcing a lien on real estate, and this court has jurisdiction. See the case of Fowler & Guy v. Pompelly (26 R., 615; 76 S. W., 173, and cases therein cited. Section 2521, Ky. St., 1899, says that the right of action upon the official bond of a guardian shall not be deemed to have accrued before the ward attains the age of 21 years, Section 2550, Ky. St., 1899, says that a surety for a guardian shall be discharged from all liability as such when five years shall have elapsed, without suit, after the accruing of the cause of action. It is agreed that appellee arrived at the age of 21 years in the month of June, 1891. Therefore her right

to make the sureties of her guardian liable for his debt ceased in the month of June, 1896. Appellee does not attempt in her reply, to allege any matter to avoid or stop the running of the statutes in favor of the sureties, but she does state that George Bybee, a devisee of Wm. Bybee, who was a surety, was a nonresident of the State, and for that reason she was hindered and obstructed in the collection of her claim by suit.

Under the statutes and facts as they appear of record, it was error to render judgment in favor of appellee against the executors of William Bybee and Clinton Bybee, the sureties of R. D. Bybee. It appears, however, that the court did not subject any part of the interest of R. D. and Clinton Bybee in the house and lot above mentioned to the payment of of appellee's judgment. This was correct with reference to the interest of Clinton Bybee, but error in not subjecting R. D. Bybee's interest, as he was the principal, and the claim was not barred as to him.

It was clearly erroneous to render judgment against George Bybee, and subject his interest in the house and lot to the payment of appellee's claim. He had not signed the guardian's bond, and had made no promise or agreement to pay this claim. His only liability thereon existed by virtue of the provisions of sections 2084, 2089, Ky. Stats., 1899, and the fact that he had received, as devisee, a portion of his father's estate. When this action was brought, in 1902, his father's estate was not liable. The claim was barred by the statute of limitations, and he had the same right to interpose the plea of limitation, and with the same effect that his father could, if he had then been living. The case of Hopkins, etc., v. Stout, 6 Bush, 377, was where Stout

brought suit, on a note executed in 1849, against the administrator of Hopkins, and secured a judgment, to be levied of the assets of the estate, but for the want of personal assets no portion of the judgment was ever collected. Stout then sued the children and heirs of Hopkins to subject real estate to the payment of his claim, which had descended to them from their father. The heirs defended, and interposed the plea of limitation. The court in that case said: "The judgment against the administrator neither concluded the heirs, nor authorized execution against them. The cause of action against them was coeval with that against the obligor, and consequently the time which would have barred an action against him, if surviving, would bar this suit." To the same effect is the case of Jones, Adm'r., etc., v. Commercial Bank of Ky., 78 Ky., 415.

Appellee, in her reply, alleged that long prior to the accrual of her cause of action, George Bybee was a nonresident of the State of Kentucky, and continued such until the bringing of her suit. The proof shows that he became a nonresident of this State about the year 1877, which was prior to the execution of the bond, or before any of the Bybees were liable to appellee for anything, and that he had continued to be a nonresident of this State and a resident of the State of Missouri ever since that time. Section 2531, Ky. Stats., 1899, in part says: "If at the time any cause of action mentioned in the third article of this chapter accrues against a resident of this State," etc. Section 2532, Ky. St., 1899, says: "Where a cause of action mentioned in the third article of this chapter accrues against a resident of this State, and he by departing therefrom, or by absconding or concealing himself, or by any other indirect means, obstructs the prosecution of the action, the time of the contin-

uance of such absence from the State, or obstruction, shall not be computed as any part of the period within which the action may be commenced," etc.    It therefore appears that the reply of appellee was insufficient to stop the running of the statutes in favor of George Bybee, as he was not a resident of the State of Kentucky when appellee's cause of action accrued.    In the case of Selden v. Preston, 11 Bush, 191, it was decided that, where a cause of action existed in behalf of a resident of this State against a nonresident, the mere fact of the debtor being a nonresident will not prevent the statute of limitations from running, but where the debtor is a resident of this State, and absents himself from the State by removal or otherwise, the period of his absence will be omitted in the computation of time.

For the reasons indicated, the judgment of the lower court is reversed, and cause is remanded for further proceedings consistent with this opinion.