## Weedon, et al. v. Power, Administratrix.

(Decided March 28, 1924.)

### Appeal from Mason Circuit Court.

1. Wills—Rules for Ascertaining Intention of Testator Stated.—The intention of the testator as expressed by the language he employs is the one to be followed by the court, and in arriving at his intention all parts of the will should be considered, and all other rules of construction are subsidiary and are to be employed only as aids in ascertaining the intention.

2. Wills—Under Clause Giving Remainder on Death of Life Tenant to Heirs at Law, Another Life Tenant Held Entitled to Remainder. —Under a will giving to each of two daughters one moiety of real estate for life with remainder to her issue, but in case either daughter should die without issue alive, or both should die without issue, then moiety of daughter dying should vest in testator's heirs at law alive at such time, held that, on the death of one daughter without issue, the other daughter was within the class "heirs at law," and took the property of her sister, as against contention that it should go to collateral heirs only.

3. Wills—Intention Determined from what Testator Said.—In construing a will, the question is, not what did the testator intend to say, but what did he mean by what he said.

4. Wills—Ordinary Meaning of Words Cannot be Defeated by Conjecture.—Where the words employed in a will are not ambiguous, their ordinary and usual meaning cannot be defeated by mere conjecture as to what the testator possibly meant by employing them.

5. Partition—Owner of Life Estate in Undivided Part Entitled to Sue for Division.—An owner of a life estate in an undivided part of an entire tract of land, who also owns absolutely the other part, may maintain an action against contingent remaindermen of his life interest for its sale for division and for reinvestment.

JOHN P. McCARTNEY and WORTHINGTON, BROWNING & REED for appellants.

JOHN D. CARROLL and CHARLES L. DALY for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming on the original appeal, and dismissing the cross-appeal without prejudice.

John H. Wilson died in 1887 testate and a resident of Mason county, leaving surviving him his widow, Mary C. Wilson, and two daughters, Sallie Morrison Wilson, who was then married to a Mr. Browning, and appellee and plaintiff below, Elizabeth Wilson, who afterwards married a Mr. Power. Mrs. Browning died without living issue, or descendants of any who were dead, in 1889, and her husband died in 1897. The widow, Mary C. Wilson, died in 1908, and plaintiff, the sole surviving descendant of the testator is now something over fifty years of age and has no children. The testator owned at the time of his death and which he disposed of by his will six pieces of real property designated in the record as parcels "A," "B," "C," "D," "E" and "F," the latter of which is a farm on the Maysville and Mt. Sterling pike containing about 216 acres; while the others are city property located in Maysville, "B" being the residence of testator and "E" is a lot upon which is stuated a dilapidated livery stable.

This action was brought by plaintiff in her individual capacity and as administratrix with the will annexed of her father, against all of his collateral heirs, who are the appellants and defendants below, to construe his will in so far as it made disposition of the real property, and to procure a judgment for the sale of the city property for reinvestment in farm lands, which she alleged was necessary to prevent loss, and for the further purpose of di-

viding the property so as to give her one-half of it absolutely and a life interest in the other half, which she claims she was entitled to under a proper construction of the will. The trial court construed its provisions, as applicable to the real estate, as contended for by plaintiff and ordered a sale for reinvestment of the livery stable lot, but deferred taking action with reference to the sale of the other parcels of the city property, and from so much of that judgment construing the will, as indicated, defendants prosecute this appeal and plaintiff has prayed a cross-appeal seeking an order from this court directing the trial court to adjudge the sale of the other city property and a reinvestment of the proceeds.

In the first clause of the will the testator gave to his wife all of his real estate of every kind so long as she remained his widow, with the right to control and manage it for her benefit and that of his two daughters. In the same clause he gave to his executors power to sell and convert into money all of his real estate, except his residence and his farm on the pike, and empowered them to collect all money due him, and after paying the cost of administration, they were directed to invest the surplus in land and take the title thereto to his wife and his two daughters for the use and benefit of them and her during her widowhood, "with remainder to my two daughters upon the death of my wife, or her marriage before that event, one moiety to each for her life, with remainder over in fee to the issue of each, alive at her death, if any, of her moiety; in case either of my daughters should die without issue alive at her death, or should both die without such issue, then the moiety of the daughter or daughters so dying to vest in my heirs at law alive at such time or times."

In the second clause of his will he provided that on the death of his wife or her marriage all of his real estate and personalty should go to his two daughters, "to their sole and separate use, free from the control of any husband that they, or either of them may have; one moiety to each, for her life, with remainder over to her issue alive at her death if any she have; but should either of my daughters die without issue alive at her death, or should both so die, then the moiety of the daughter or daughters so dying shall vest in my heirs at law, alive at such time or times; provided, that any cash, stocks, choses or other personalty, not reinvested as directed in clause

one, at the death of my wife, or her marriage as aforesaid, shall not be subject to the above limitations over to the issue of my daughters, but vest in them in equal shares forever, to their sole and separate use as aforesaid.''

The executors never exercised any of the powers of sale or reinvestment conferred upon them by the will and none of the property was sold nor was any reinvestment made, but the real property remained and was, at the time of the filing of the action, in the same condition as when testator died. It does not appear what was the amount of the personal property nor what has become of it, but those questions do not enter into the points of dispute involved in the case. It will be observed that the language above inserted from clauses 1 and 2 of the will containing directions as to the devolution of the real property is practically the same; in the one it applies to the property as it then stood, while in the other it is applied to that in which the reinvestment might be made by the executors as the will empowered them to do. So that in disposing of the case, we will treat the language of the two clauses as being the same in substance.

In approaching the question we are met at the threshold with the universally applied rule that, in the interpretation of wills, the intention of the testator, as expressed by the language he employed, is the one to be followed by the court, and in arriving at his intention, under that rule, all parts of the will should be considered, and the intention to be gathered from that broad survey is the one to be administered. That rule has so often been reiterated by this and other courts as to require no citation of authorities for its support. It has likewise been equally as often said that other acknowledged rules are subsidiary to the one mentioned, are employed in furtherance of it, and are, therefore, regarded as but aids and assistants to arrive at the chief purpose, that of arriving at the intention of the testator. Those subsidiary rules are necessarily resorted to only when there is some apparent contradiction or ambiguity in different language or parts of the will and their office is to reconcile such contradictions and ambiguities so as to arrive at the true intent of the testator from the whole of his language.

We have carefully read the will involved and we fail to find anywhere in it any contradictory provisions, nor do we think it contains any ambiguities. The most that·

can be said with reference to the provisions as to the devise of the real estate is that the purpose or intention of the testator is awkwardly expressed. In the first clause he gave to each of his daughters one moiety of his real estate for her life with remainder to her issue, if any alive at her death, and then said: "In case either of my daughters should die without issue alive at her death, or should both die without such issue then the moiety of the daughter or daughters so dying to vest in my heirs at law alive at such time or times." At the time of the death of Mrs. Browning, without descendants, the only living heir of the testator who would have inherited the real estate involved had he died intestate was the plaintiff, who was Mrs. Browning's sister; and because of that fact it is her contention, and the court so held, that she, under the language of the will, took the absolute fee to the moiety devised to her sister immediately upon the latter's death.

Opposing that interpretation learned counsel for appellants contend that the testator did not intend to include either of his daughters within the term "my heirs at law" in the limitation over of the shares devised to them upon their death without leaving issue, but that he intended by that phrase to refer to and include only his collateral kindred or heirs. They appear to arrive at that conclusion, as we gather from the brief, from a consideration of the clause "or should both die without such issue," and from the fact that the testator designates "such time or times" as the periods when the limitation over is to take effect. It, however, appears to us that no such conclusion should be drawn from the clauses referred to. They create no inconsistency with the outstanding provision that upon the death of either of his daughters without issue her moiety should vest in his "heirs at law" alive at that time, and of course unless the two daughters died simultaneously there would be more than one time (if they both died without issue) when the title to a moiety of his property should devolve upon his heirs at law then alive, whoever they were at the time or times.

To adopt the construction contended for by defendants' counsel would require us to say that when the testator provided for the limitation over of her moiety upon the death of either daughter without issue, *to his heirs*

*then alive,* that he did not mean what he actually said, and that he had something else in mind, but which he did not say. In other words, we are called upon, as we understand the contention, to give effect not to the expressed intention of the testator but to his supposed actual but unexpressed intention, which we have held in a number of cases was not allowable, since the rule is, as stated in Wickersham v. Wickersham, 174 Ky. 604, "Not 'what did the testator intend to say?' but what he meant by what he did say." Other cases so holding are: Prather v. Watson, 187 Ky. 709; Wright v. Singleton, 190 Ky. 657; Simpson v. Simpson, 189 Ky. 536, and Penick v. Lewis, 194 Ky. 231. A necessary consequence of that rule is that where the words employed in a will are not ambiguous, their ordinary and usual meaning can not be defeated by mere conjecture as to what the testator possibly meant by employing them; and it was so stated in the case of McCormick v. Reimberger, 192 Ky. 608.

Our conclusion, therefore, is that whatever may have been the secret intention of the testator in this case, his actually expressed one was that upon the death of either daughter without issue, her moiety which she took under the will in his real estate for life should thereupon devolve upon his then living heir or heirs at law, and that there is nothing in the will to indicate that he intended to exclude his daughters from the class designated as his "heirs at law." We feel that we could, if it was necessary, demonstrate that such a construction would not be inconsistent with what is argued in brief as the general purpose of the testator; but, since we are convinced of the correctness of our interpretation hereinbefore expressed, we deem it unnecessary to prolong the opinion.

We do not gather from the brief for defendants that there is any objection to the remedy employed or to plaintiff's right to the relief she seeks, if the facts authorize it. We are, however, asked by plaintiff's counsel to determine whether she *is* entitled to maintain this action for the purposes contemplated, which we must answer in the affirmative following the two recent cases of Korb v. Stege, 192 Ky. 633, and Orsburn v. Orsburn, 196 Ky. 176, in which it was held that an owner of a life estate of an undivided part of an entire tract of land and who also owns absolutely the other part may maintain an action against contingent remaindermen of his life interest for its sale for division. We do not feel that upon this ap-

peal we are authorized to issue any directions to the trial court as to the sale for reinvestment, as well as partition, of the other parcels of city property, since it still has that matter before it, having reserved it for future adjudication.

Wherefore, the judgment is affirmed on the original appeal and the cross-appeal is dismissed without prejudice.