## Daly v. Power.

(Decided Feb. 21, 1933.)

534

JAMES M. COLLINS for appellant.
THOMAS D. SLATTERY for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The opinion of Daly v. Power, 236 Ky. 426, 33 S. W. (2d) 305, shows that the Honorable C. L. Daly, appellant herein, made claim for attorney's fees for services rendered Mrs. Elizabeth W. Power as an administratrix, and individually. Both claims were asserted in a suit involving the construction of a will, which was determined in Weedon v. Power, 202 Ky. 542, 260 S. W. 385. In affirming the action of the circuit court in striking from the petition or motion in that case such part as set up his claim for $2,857.65 for services not connected with the litigation involving the estate, with which the opinion was concerned, it was observed that any such claim "is a matter to be presented in an independent action with the right on the part of Mrs. Power to make defense as in other cases." Such a suit was later instituted by Mr. Daly, and upon a trial, in which the law and facts were submitted to a special judge without a jury, his petition was dismissed at the

conclusion of his evidence, and he prosecutes this appeal from that judgment.

The claim asserted is in all respects similar to that stricken in the other suit. The allegations are to the effect that the plaintiff rendered services as a general counselor and business adviser of the defendant for a period of nine years and nine months from January 16, 1916, to October 14, 1925, which were of the reasonable value of $300 per year. The aggregate, after making a small credit, was $2,857.65. The plea is of an express employment, and a promise to pay reasonable compensation when the defendant's rights in the estate of her father were adjudicated, and that is stated to have been determined by a judgment entered April 27, 1927. The defense was a traverse; a plea that all of the services rendered were covered by the plaintiff's claim and judgment against Mrs. Power in her fiduciary capacity and had been paid; and a plea that the claim was barred by the five-year statute of limitation (Ky. Stats. sec. 2515). The reply introduced the issue as to whether or not limitations had been suspended by the pendency of the plaintiff's motion for a fee made in the will case which had been opposed by Mrs. Power; also because of her absence from the state. It was also alleged that the defendant had promised in writing to pay for the services, which brought the claim within the 15-year statute of limitation.

As disclosed by the opinions cited, Mrs. Power was a life tenant of the property of her late father. Except in a comparatively minor particular in relation to the leasing and repairing of certain property, all of the services were performed after the attorney's employment in respect to the will, and, while not properly chargeable to the estate because rendered to Mrs. Power as a devisee or personally, they seem to have been merely incidental to that employment. That which could not be so regarded was apparently included in the compensation paid by the estate. But we need not go into the merits of the claim, for this court is of the same opinion as the circuit court viz., that all of it is barred by limitation.

Mr. Daly testified he never mentioned his fee at any time, except that in the beginning Mrs. Power asked him how expensive it would be; referring doubtless to the anticipated litigation. But nothing as to his

fee was agreed upon, and it was left open. In the spring or early summer of 1925, some consideration was begun to be given the matter, and Mr. Daly suggested that Mrs. Power take it up with her friends. It seems that about this time she asked him how much she owed him, and he advised her that he could not tell until the partition of the property had been made or the results of his efforts were ascertained. This negatives any claim he then had for services rendered her personally, for whatever he had done was already known and was later placed as of the reasonable value of $300 per year. While Mr. Daly had made no presentation of any claim for a fee, he says Mrs. Power repeatedly told him she had no money, and the matter thus went along from the beginning of his professional associations with her, with the understanding on his part he would be paid when she should get her money as the result of the litigation. In January, 1925, the court ordered $8,000 set apart for Mrs. Power in her own absolute right, of which $5,000 was paid her, but Mr. Daly seems to have done nothing then about collecting any part of his fees. The testimony in the former proceedings relating to the fees (the record being made a part of this one) which appellant relies on as showing a promise to pay upon conclusion of the litigation clearly refers to services rendered in that suit, and none other.

On October 14, 1925, Mrs. Power wrote Mr. Daly the following letter:

"As my interests require that some immediate action be taken in the case of myself against Anna Weedon and others in the Mason Circuit Court, and it appearing that you are disinclined to take any further steps in the matter, I have concluded to employ another attorney to represent me in this suit. If you will kindly send me your bill for your services rendered up to the present date, and the same is reasonable and just, I will gladly pay same."

In the suit involving the will, Mr. Daly filed a motion for the allowance of an attorney's fee for his services rendered Mrs. Power as administratrix, and individually. As stated, the latter was the same as that now sued on. In that pleading he alleged that both fees had become due on October 14, 1925, when he was

discharged from the case. That pleading fortifies the reasonable conclusion from all the other evidence (which consisted only of Mr. Daly's testimony) that there was no express employment by Mrs. Power personally, nor promise to pay for legal services rendered her individually when the litigation should be concluded, which was in 1927.

So whatever claim the appellant had was and is founded upon an implied contract. In such case compensation was due when the services were rendered. The text in 17 R. C. L. 767, relating to limitations of actions for attorney's fees, shows distinctions are to be made according to the terms of the employment. Thus where the lawyer is employed in a particular transaction or to perform a specified service, his cause of action accrues when his services are rendered. Where he is employed to conduct a suit until final determination, the statute does not begin to run until the expiration of the period required to reach that end. But where he is retained generally to represent a party in all litigation, his cause of action accrues when a service is rendered; and, where he is to be paid a salary by the month or the year, the statute begins to run after each month's or year's salary falls due and is payable. If we accept and interpret the allegations of the petition, the plaintiff was to be paid a reasonable fee of $300 at the end of each year. If we accept his evidence, it was a general employment as counselor and attorney, and each item was taken up and concluded, but no fee was fixed, and the whole service measured by him at an annual sum. All of the services were rendered more than five years next before the filing of the suit on March 24, 1931.

But the argument is vigorously made that statutes of limitations are not available in a case such as this involving an attorney's fee. This, it is said, is because the spirit and purpose of such statutes is not to defeat an honest claim, but only to prevent the raising up of stale and fraudulent demands after the facts have been forgotten and the evidence obscured through lapse of time. Also it is said that since an attorney is an officer of the court and his actions are in a great measure under the control of the court, his claim for compensation is not to be regarded as other claims. The beneficent purposes of the statute of limitations are, of course, to be admitted, as well as the truth that some-

times injustice results from their application. The relation of the attorney to the court is likewise as stated. But is a lawyer without the pale of the law? The statutes make no distinction between him and any other class of creditors. By what authority can the court grant a lawyer or any other person immunity from the statutes? We know not. The authorities cited to sustain the novel point of immunity relate to the protection of an attorney's lien on property involved in a particular suit pending in court, and clearly have no application to an independent suit for compensation for professional services. Unless other points can be sustained, all of the appellant's claim was barred by the provisions of section 2515, Kentucky Statutes.

As stated, the appellant filed his motion in the will case for this compensation on May 1, 1926. It was denied by the circuit court on December 18, 1929, and affirmed by this court, whose mandate issued January 14, 1931. Appellant argues that the application of the statute of limitations was suspended during this period. The cases submitted are to the effect that, where the adverse party obstructs the prosecution of the action, the time thus lost shall not be computed as any part of the period within which the action may be commenced. Kentucky Statutes, sec. 2532 et seq. Neither that statute nor the cases cited have any application here. The defendant did nothing to obstruct the plaintiff. It was his responsibility that he was during this period pursuing the wrong course. The consequences are his own. Fielder v. Hansbrough, 195 Ky. 574, 242 S. W. 832; Clay v. Clay, 199 Ky. 4, 250 S. W. 829; Compare Smith v. Herd, 110 Ky. 56, 60 S. W. 841, 1121.

The plaintiff pleaded:

"The defendant was a nonresident of the state of Kentucky and absent therefrom from —— day of ——, 1927, up until the present and that under the provisions of section 2532, Carroll's Kentucky Statutes, the statute of limitations was suspended during said period."

Section 2532 of the Statutes, in so far as is material, is: That where a cause of action "accrues against a resident of this state, and he, by departing therefrom or by absconding or concealing himself, or by any other indirect means obstructs the prosecution of the action,

the time of the continuance of such absence from the state, or obstruction shall not be computed as any part of the period within which the action may be commenced.'' It is difficult to bring the pleading within the rule of sufficiency. We have the plea that the cause of action accrued in 1927, and that the defendant was a nonresident at that time. The limitation statutes do not stop running as to a resident's cause of action against a nonresident who is such when it accrues. Bybee's Ex'r v. Poynter, 117 Ky. 109, 77 S. W. 698, 25 Ky. Law Rep. 1251. If we waive the pleading and take the conclusion we have reached that the cause of action accrued at various times prior to 1925, and look to the evidence on that point, it does not seem sufficient. That evidence is the plaintiff's following testimony:

"Q. Where was Mrs. Power's home during the last few years? A. Mrs. Power told me—when she was in Texas (which was in 1920 or 1921)—and she came back—she was going to live in Cincinnati, and she did. She did live in Cincinnati prior to this litigation; she is living there today.

"Q. Do you know whether she was living there in 1926, 1927, 1928 and 1929? A. That is my information and belief, yes, sir.''

Along with this is his evidence of the frequency of the calls upon him by the defendant during this period, and the demands made upon his time. To illustrate or emphasize that, plaintiff said her pet dog "made his home on my door-step, thinking, no doubt, if Mrs. Power wasn't there then, she would be there presently. It was a joke on the street there as to her coming and going.'' So the evidence fails to show such absence from the state as that contemplated by section 2532 of the Statutes, relied on, or even that of section 2531.

Nor can we find any merit in the appellant's argument and plea that Mrs. Power's letter to him, quoted above, was a promise in writing to pay him this compensation. The letter specifically referred to the suit in which the appellant was employed. As has already been adjudicated, that service is distinct from the services for which compensation is claimed in this action.

The judgment is affirmed.

Rees, J., took no part in the **consideration or** decision of this case.