## Skaggs v. Fyffe.

April 27, 1945.

Wheeler & Wheeler for appellee.

C. F. See, Jr., and M. J. See for appellant.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

This appeal grows out of an action in the Johnson Circuit Court, wherein appellant sought to recover a personal judgment on a note in the sum of $1125, subject to certain credits representing the proceeds of a sale of

land and a drilling machine, sold pursuant to judgment and foreclosure in a prior action brought in the Lawrence Circuit Court.

The note in question was executed by the appellee to the appellant on September 2, 1925, and was due twelve months after date. A mortgage on a tract of land in Lawrence County and on a one-half interest in a Star Drilling Machine was given to secure the payment of the note. On March 24, 1927, the appellant brought suit in the Lawrence Circuit Court seeking judgment on the note and a foreclosure of the mortgage upon the land and the drilling machine. On the day suit was filed summons was issued against J. F. Fyffe and his wife, Julia Fyffe, and return was made by the sheriff as follows: "J. F. Fyffe not found. Gone to Michigan. Julia Fyffe not found. May 7, 1927. Philip Preece, Sheriff Lawrence County, by John Osborn, D. S." On July 4, 1927 another summons was issued and return made as follows: "J. F. Fyffe and Julia Fyffe not found in Lawrence County. This September 26, 1927. Philip Preece, Sheriff by Billie Riffe, D. S."

On July 23, 1927, appellant made a proper affidavit for appointment of warning order attorney, pursuant to which W. J. Roberts, a regularly licensed and practicing attorney of the Lawrence County Bar, was appointed. On October 20, 1927, appellant, plaintiff in that action, executed bond as required by law to procure judgment against a nonresident. Judgment was obtained and the land was sold by special commissioner, at which sale the appellant became the highest bidder at the price of $400. Prior to the time of the foreclosure, the drilling machine had been removed to the State of Ohio. The appellant went to Ohio, obtained proper orders of the court and sold the machine in accordance with the laws of that State. The sale price was $50.

On October 23, 1943, appellant instituted the present action. He alleges in his petition that at the time of the bringing of the suit in Lawrence County, the appellee, J. F. Fyffe, was absent from the State of Kentucky and for that reason appellant was unable to secure a personal judgment against him, and that the appellee remained absent from the State of Kentucky until about August 1943. He set up grounds and obtained an order of attachment against the defendant's property. The appellee filed his answer and counterclaim in which he

sets up a denial of the indebtedness and alleges that the proceeding in the Lawrence Circuit Court, against him as a nonresident, was a fraud upon his rights in that at the time of the institution of that suit he was only temporarily located in the State of Ohio. He alleged that under the judgment, appellant took possession of the land covered by the mortgage, which was of the value of $1000, and that pursuant to the alleged void judgment, he took possession of the drilling rig, which was of the value of $2000, or a total of property valued at $3000; that his debt being only $1125, he was entitled to the difference or the sum of $1875. He made denial of the grounds set out by appellant for attachment, affirmatively pleaded a sufficiency of property, subject to execution, to satisfy appellant's demand, and asked that the attachment be discharged. He further pleaded the statute of limitations of fifteen years in bar to the plaintiff's right of recovery. Proof was taken, and upon hearing, the court dismissed plaintiff's petition, discharged the attachment, and further adjudged that the defendant's counterclaim be dismissed.

This matter is before us on appeal by plaintiff and cross-appeal of the appellee.

In his brief, appellant claims to be somewhat mystified at the ruling of the court, and confesses his inability to see how the court could arrive at its judgment. He states as follows: "It is our contention that the Court erred in not giving the appellant a judgment, and unless he based it on the statute of limitation, there is no way the court could have rendered such a verdict as he did."

We cannot say as a matter of law that the trial court erred because it did not state the grounds for its conclusion, nor the reasoning on which its judgment was based. A consideration of the question of limitations, we think, will dispose of this cause. The rule is well established that the provisions of KRS 413.190 do not apply to nonresident debtors. We have authoritative ruling commencing with the early O'Bannon case, O'Bannon's Adm'r v. O'Bannon, 13 Bush 583, that the savings in the statute is applicable only to persons residing in this State when the cause of action accrued, and that limitation does run in favor of nonresidents, who were such at the time of the accrual of the cause of action. In Daly v. Power, 248 Ky. 533, 59 S. W. 2d 10, 12, the court said: "The limitation statutes do not

stop running as to a resident's cause of action against a nonresident who is such when it accrues." See also Bybee's Ex'r v. Poynter, 117 Ky. 109, 77 S. W. 698; Banco Kentucky Co.'s Rec'r v. National Bank of Kentucky's Rec'r, 281 Ky. 784, 137 S. W. 2d 357.

In his amended petition, the appellant sets out his affidavit of July 23, 1927, for warning order attorney, following the two returns of "not found" made by the sheriff, in the suit in the Lawrence Circuit Court. He further alleges that on October 20, 1927, he executed a bond as required by law to procure a judgment against a nonresident as provided by Section 410 of the Civil Code of Practice. Much of the proof of the appellant was directed toward the fact of the appellee's nonresidence at the time of the original action, complemented with proof of a period of sixteen years absence from the state. While we are averse to any abridgment of the right of a creditor to recover an honest debt because of a belated action, yet, as the matter stands, it appears to us that appellee's absence was of such nature and sufficiency as to qualify him a nonresident within the meaning of the statute and such as would entitle him to the benefits of the effective operation of the statute.

In the light of the above it becomes manifestly unnecessary to discuss the contentions of the appellee relative to his cross-appeal, as he necessarily falls with the appellant. We see no legal grounds for disturbance of the judgment either on the appeal or cross-appeal.

Judgment affirmed.