## FRANK v. ADAMS.

No. 1356.

Municipal Court of Appeals for the District of Columbia.

Argued July 6, 1953.

Decided Aug. 6, 1953.

Homer C. Clay, Washington, D. C., for appellant.

George F. Galland, Washington, D. C., with whom Robert N. Kharasch, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Plaintiff brought an action claiming $2,125 for breach of contract. Defendant by

v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207.

motion for summary judgment raised the defense of limitations, on the ground that the suit had been filed more than three years after the cause of action accrued. The motion was denied and the case proceeded to trial. The trial court again ruled against defendant on the plea of limitations and entered judgment for plaintiff. Defendant brings this appeal.

As stated in the findings of fact made by the trial judge, the contract was made in March 1946 in California, and throughout that year defendant resided in Cuba and continued to reside there until late in 1949. Defendant then moved to Ohio where he resided through 1950 and until September 1951, when he first moved to this jurisdiction. The suit was filed against him two months later.

Our statute says that no action shall be brought upon any simple contract "after three years from the time when the right to maintain any such action shall have accrued * * *."[1] The parties agree that this action was commenced more than three years after the alleged breach and that it was therefore barred unless the statute was tolled. Hence our decision must turn on the construction to be given another section of our statute. Code 1951, 12-205 provides: "If, when a cause of action accrues against a person *who is a resident of the District of Columbia*, he is out of the District or has absconded or concealed himself, the period limited for the bringing of the action shall not begin to run until he comes into the District or while he is so absconded or concealed; and if after the cause of action accrues he abscond or conceal himself, the time of such absence or concealment shall not be computed as any part of the period within which the action must be brought." (Emphasis added.)

Do the words just quoted create an exception which, as plaintiff contends, tolls the running of the statute against a non-resident until such time as he enters this jurisdiction? Or is defendant correct in his contention that the application of the section is limited to persons who were residents of the District at the time the cause of action accrued?

A little more than a year ago this same section was considered and construed by our United States Court of Appeals. Filson v. Fountain, 90 U.S.App.D.C. 273, 197 F.2d 383, 384.[2] There as here the cause of action arose outside the District, at a time when defendants were not residents of the District. Suit was brought more than three years later and the complaint alleged and the answer admitted that at the time suit was brought defendants resided in the District. The court said "Since appellees [defendants] were not residents of the District, D.C.Code 1940, § 12-205,[3] which suspends the running of the statute while a defendant 'who is a resident of the District' is out of it, has no application." Thus we have a plain ruling that this exception to the statute of limitations is not available against non-residents. The decision makes no distinction between parties who are residents when suit is brought and those who are not, although we find on examining the pleadings in the transcript in that case that the defendants were residents when the action was filed. Therefore there seems to be no escaping the conclusion that this action is barred by limitations.

Plaintiff places his principal reliance on cases in other jurisdictions in which the statute of limitations is tolled as to any person so long as he is without the jurisdiction. Typical of such cases is Cvecich v. Giardino, 37 Cal.App.2d 394, 99 P.2d 573. (For others see 148 A.L.R. 732, et seq.) There the statute stops the running of limitations against "a person * * * out of the state". Code Civ.Proc.Cal. § 351. In none of the cases cited by plaintiff does the statute refer to a resident, as ours does. Other state decisions involving statutes which, like ours, employ the term "resident" are in accord.

The earlier decisions have no bearing on our case.

1. Code 1951, Section 12-201.

2. This case was earlier before the Court of Appeals in 84 U.S.App.D.C. 46, 171 F.2d 999, reversed, Fountain v. Filson, 336 U.S. 681, 69 S.Ct. 754, 93 L.Ed. 971.

3. This is the same section in the 1951 Code.

with the view we have expressed. See, for example, Skaggs v. Fyffe, 299 Ky. 751, 187 S.W.2d 281, and Carter v. Burns, 332 Mo. 1128, 61 S.W.2d 933, 944, both cited in annotation, 17 A.L.R.2d 502.

Reversed, with instructions to enter judgment for defendant.