# THOMAS CROCKER *v.* ELBRIDGE G. AREY.

That a debt is barred by the statute of limitations of the State in which it was contracted, and of which both plaintiff and defendant continue citizens and residents, cannot be pleaded in bar to a suit for that debt in the Courts of this State.

The first coming into the State of a person is to be construed as a "return into the State" within the meaning of sec. 2 of "an act for the limitation of certain personal actions," (Dig. 1844, p. 221.)

THIS action was assumpsit upon a promissory note for $100 on demand with interest, payable to plaintiff or order, signed by defendant and dated Barnstable, [Mass.] Feb. 21, 1848. It was admitted that both plaintiff and defendant had personally resided in Barnstable since the making of the note, and that the defendant had never been within the State of Rhode Island until the day of the service upon him of the plaintiff's writ, July 23, 1855. In bar of the action the defendant pleaded, first, the statute of limitations of the State of Massachusetts, to which the plaintiff demurred: and, secondly, the statute of limitations of Rhode Island, to which the plaintiff replied as set forth in the opinion of the Court. To the rejoinder of the defendant, also set forth in the opinion, the plaintiff demurred. The defendant joined in the two demurrers, and the questions raised by each were submitted to the Court.

Thomas Crocker *v.* Elbridge G. Arey.

*Brownell* for the plaintiff, in support of the demurrers, the Court declined hearing.

*Eames* for the defendant, contra, cited with reference to the first plea, the reasoning of Justice Story in *LeRoy* v. *Crowningshield*, (2 Mason, 156,) and with reference to the meaning of the word "return" in statutes of limitation, *Graves et al* v. *Weeks*, (19 Verm. 79,) *Beardsley* v. *Southmayd*, (3 Green, 171,) *Love* v. *Doan et al.* (5 Texas, 346–7,) *Moore* v. *Hendrich*, (8 Texas, 253,) *Snoddy* v. *Cage*, (5 Texas, 106.)

BRAYTON, J.—The question raised by the demurrer to the defendant's first plea is, whether the statute of limitations of another State is to govern the Court here. This point we think is too well settled to be now agitatated or disturbed.

These statutes are intended to affect the remedy only, and not the contract or right of action. They simply provide that the courts of the State enacting such laws, shall not adjudicate upon and enforce claims or rights of action after the lapse of such periods of time as they respectively prescribe. But they do not assume to extinguish the right. Having the right of action, the plaintiff is at liberty to sue in any other court which is permitted to entertain jurisdiction and enforce his right.

By the second plea in bar the defendant pleads the statute of limitations of this State, the first section of which provides that the suit shall be commenced within six years after the cause of action shall occur and not after; and says that more than six years have elapsed since the cause of action in this case occurred, and before the commencement of the plaintiff's action.

Thomas Crocker *v.* Elbridge G. Avey.

The second section of this act provides as follows: " If any person against whom there is or shall be cause for any action hereinbefore enumerated, shall, at the time such cause occur, *be* without the limits of this State, or, being within said State at the time such cause accrue, shall go out of said State before said action shall be barred by this act, and shall not have or leave property or estate therein that can by the common and ordinary process of law be attached, then and in such case the person entitled · to such action may commence the same within the time before limited, after such person return into this State. The plaintiff says in his replication, that the defendant, at the time the cause of action accrued, was without the limits of the State, leaving no property therein which could by the ordinary process of law be attached, and that he did not return into the State until the 30th day of July, 1854, which is within six years. The defendant rejoins that the defendant never was a resident of the State, and never was therein until the said 30th day of July. To this rejoinder the plaintiff demurs.

Upon the demurrer, the defendant's counsel contends that the defendant is not within the provisions of this section of the statute : that it applies only to persons who have been residents here at some time, because the word return could only apply to one who had gone out.

We think this second point made by the defendant as well settled as the first, and this section applies to all persons absent from the State, whether citizens or foreigners. We cannot suppose that it was intended to give any greater protection to a foreigner than our own citizens, or do more than to place them upon the same footing. In order to do so and to give effect to the evident intent

Thomas Crocker *v.* Elbridge G. Avey.

of the statute, the word return is construed to mean a coming within the State and within reach of the process of the Court, otherwise the plaintiff would be barred, though he never had and never could have had it in his power to sue. Besides this construction is for the benefit of the defendant. If he comes into the State the second time, he is within the words as construed by his counsel, and the bar would begin to run from the time he comes the second time and not before: whereas, upon the uniform construction given to similar statutes, it begins to run from his first coming, and so put him upon the same footing with citizens.

*Demurrers sustained.*