HUMPHREY P. THOMPSON and another,

*vs.*

JAMES T. REED and Trustees.

Sagadahoc.    Opinion September 13, 1883.

*Statute of limitations. Promissory notes.*

The statute of limitations is no bar to an action brought in this state on a promissory note made and payable in New York, although the parties continued to reside there until any action thereon was barred by the statute of that state, when it does not appear that the payer has not resided in this state six years since the note became due.

Nor is it material that the maker of the note had attachable property in this state for eleven months after the note was payable.

ON REPORT.

Assumpsit upon a promissory note given by the defendant to the plaintiffs, March 31, 1866, and on an account for money loaned at New York in the summer of 1866. The plea was the general issue and statute of limitations. At the trial the defendant consented to be defaulted in the sum of $1487.11 with leave to report the case to the full court, who were to determine from the evidence introduced and offered whether the action is barred. If barred the default is to be taken off and plaintiffs nonsuited, otherwise judgment on the default.

The material facts are stated in the opinion.

*William L. Putnam* and *Joseph M. Trott*, for the plaintiffs, cited : *Dwight* v. *Clark*, 7 Mass. 517 ; *Little* v. *Blunt*, 16 Pick. 359 ; *Crosby* v. *Wyatt*, 23 Maine, 164 ; *Crehore* v. *Mason*, 23 Maine, 416 ; *Brown* v. *Nourse*, 55 Maine, 230 ; *Hacker* v. *Everett*, 57, Maine, 548 ; *Alden* v. *Goddard*, 73 Maine, 346 ; *Putnam* v. *Dike*, 13 Gray, 535 ; *Bulger* v. *Roche*, 11 Pick. 36 ; *Thibodeau* v. *Levassuer*, 36 Maine, 362 ; *Johnson* v. *Railroad Co.* 54 N. Y. 416.

*C. W. Larrabee*, for the defendant.

It is recognized doctrine that the old English statute of limitation barred the remedy only and not the right, but modern statutes cut off the right as well as the remedy. *Dundee* v. *Dougall*, 1 Macq. H. L. Cas. 317 ; *DeBeauvoir* v. *Owen*, 5 Exch. 166 ; 19 L. J. Exch. 177.

In *Higgins* v. *Scott*, 2 Barn. & Ad. 413, the doctrine *per curiam*, is simply that the statute of limitation bars the remedy and not the debt. The *dictum* rests mainly on Lord ELDEN in, *Spears* v *Hartly*, 3 Esp. 81, which, if examined, will be found to turn on the maintenance of a lien by possession. See also *Rothery* v. *Munnings*, 1 Barn. & Ad. 15, which makes no distinction between the extinction of remedy and of debt. True our court in *Brown* v. *Nourse*, 55 Maine, 230, recognized this.

distinction. The point is dismissed as *res judicata*, citing *Brigham* v. *Bigelow*, 12 Met. 270. But in the latter case the principal question was whether the R. S., which went into operation after the cause of action accrued, should be applied.

All enactments of limitations by the legislature declare what shall be a bar—after a certain number of years have elapsed from the time the cause of action accrued no action shall be maintained. The rights of the parties are measured by the lapse of time passed. So when the parties find that by the laws of the state where both reside that the right of action has become barred, that there is no longer any remedy in the courts of that state and the debtor has been liberated by force and virtue of the law, it is not an easy matter to see the difference between giving the party plaintiff a remedy under the *lex fori* and rehabilitating his dead and comatose cause and giving it a new life. There has been as much judicial flirtation on this question as any in the books. *Wright* v. *Oakley*, 5 Met. 400; *LeRoy* v. *Crowninshield*, 2 Mason, 151; *Shelby* v. *Guy*, 11 Wheat. 361; *Varney* v. *Grows*, 37 Maine, 306; *Whitney* v. *Goddard*, 20 Pick. 304.

The plaintiff is not within the saving terms of R. S., c. 81, § 99, neither by its language nor by the intendment of the act.

VIRGIN, J. The statute of limitations is no bar to an action brought in this State on a promissory note made and payable in another State, although the parties continued to reside there until any action thereon was barred by the statute of that State.

It is the universally acknowledged rule of law that contracts are to be construed according to the law of the place where they are made and to be performed, but that they are to be enforced according to the *lex fori*. And it is now well settled by the great current of authority that as the statute of limitations operates merely upon the remedy, it is consequently local in its operation and the law of the place where the remedy is sought and not that of the *situs* of the contract, must control. *Leroy* v. *Crowninshield*, 2 Mason, 151; *Tribodeau* v. *Lavassuer*, 36 Maine, 362; *Townsend* v. *Jemison*, 9 How. 407; *Brown* v. *Nourse*, 55 Maine, 230. Some of the states have statutory

provisions allowing the interposition of the statute bar of another state where the defendant had resided for the requisite period. Thus Massachusetts, in 1880, enacted a statute providing in substance that no action shall be brought by any person whose cause of action has been barred by the laws of any state, territory or country while he has resided therein. Pub. stat. c. 197, § 11. But the statutes of this state contain no provision of like character.

The provision of the statute under which the plaintiffs seek to maintain this action is : "If any person is out of the state when a cause of action accrues against him, the action may be commenced within the time limited therefor after he comes into the state," R. S., c. 81, § 99. There being no plea to the jurisdiction but a general appearance by the defendant, we assume no question of that kind would arise on the real facts although not disclosed by the case as reported. The case does find that both the plaintiffs and defendant resided in New York when and where the note was made and by its terms to be paid, and the account accrued, and continued to reside there until 1875 ; and that the defendant has resided there ever since the dealings between the parties recited by both note and account. Under these circumstances notwithstanding an action on the note and account would be barred in New York, this action is not barred here. *Bulger* v. *Roche*, 11 Pick. 36 ; *Putnam* v. *Dike*, 13 Gray, 535.

Nor does the fact that the defendant had property in this state for eleven months next after the note was given aid the defendant. (1,) Because it does not appear that the plaintiffs knew the fact or could be charged with knowledge through due diligence. *Crosby* v. *Wyatt*, 23 Maine, 156, 164 ; *Little* v. *Blunt*, 16 Pick. 359 ; and (2,) because it is immaterial even if such fact were known to the plaintiffs.

R. S., c. 81, § 99, as originally enacted, provided that if any person who, at the time a cause of action accrued against him, was without the limits of the state and " did not leave property or estate therein that could by the common and ordinary process of law be attached," &c. the action may be commenced within the time limited therefor after his return. Stat. 1821, c. 62, § 9.

Much trouble arose in satisfying juries of the fact that the creditor knew the debtor had attachable property here, or that his property was held in so public a manner as to amount to constructive knowledge, and to raise the presumption that if the creditor had used ordinary diligence the debtor's property might have been attached. *Little* v. *Blunt*, 16 Pick. 359, 365. And the property clause was repealed and omitted from the revision of 1840. R. S., (1840,) c. 146, § 28; *Crehore* v. *Mason*, 23 Maine, 413.

That the property clause was intentionally omitted from the revision of 1840, is evident from a like change of the statute of Massachusetts. We derived our statutes in the early history of the state from the mother commonwealth. Our stat. of 1821 above cited, was a substantial rescript of the stat. 1786, c. 52, which continued in force until 1836, when the first revision of the Massachusett's statutes was made. The revision commissioners, after citing the section under examination, say: "If the creditor knows of the existence of such property, it is not to be supposed that he will neglect to take it, and prefer to rely on an action against the debtor if he shall happen to come into the state; and this provision in that case would be useless. If on the other hand, the debtor should leave property so situated, whether by design or accident, that it is not known to the creditor, it would be unjust that the latter should be barred of his action and lose his debt, by reason of a fact, which was not, and in the common course of business could not be known to him. It is accordingly proposed in this section to omit this qualification of the rule as to absent defendants." Com. Rep. Part III. 275. And the legislature followed the recommendation of the commissioners, Massachusetts R. S., (1836) c. 120, § 9, which was only four years before our first revision.

*Defendant defaulted.*

APPLETON, C. J., WALTON, PETERS, LIBBEY and SYMONDS, JJ., concurred.