T. M. CUTHBERTSON ET AL. v. THE PEOPLES BANK OF
ELIZABETHTOWN, TENN.

(Filed 22 December, 1915.)

**1. Usury—Bills and Notes—Judgments—Credits—Principal and Surety.**
Where a borrower of money from a bank has paid an usurious rate of
interest, and has the bank to accept in settlement of the indebtedness
then existing another note of his with indorsers, against the latter of
whom the bank obtained judgment, it is held that the maker is entitled,
in an action against the bank, to recover twice the amount of the usurious
interest paid (Revisal, sec. 1951), to be applied to the discharge, *pro
tanto*, of the note, and the judgment against the indorser.

**2. Usury—Equity—Forfeitures—Actions at Law.**
The principle that a court of equity will eliminate an usurious rate of
interest from the debt when the suit is brought by the debtor for the
penalty, upon his paying the principal sum and the legal rate of interest,
does not apply to an action at law involving no equitable principle.

**3. Usury—Nonresident Creditor—Statute of Limitations.**
An action against a nonresident creditor for the statutory penalty for
charging usury (Revisal, sec. 1951), who has no agent here upon whom
process may be served, is not barred by the statute of limitations, nor
does the fact in this case that one of the plaintiffs is a nonresident and
the other has changed his residence affect the matter.

APPEAL by defendant from *Harding, J.*, at Spring Term, 1915, of
AVERY.

Civil action heard upon exceptions to referee's report. From the
judgment rendered defendant appealed.

*W. C. Newland, S. J. Ervin for plaintiff.*
*J. D. Love for defendant.*

BROWN, J. It appears from the clear and intelligent report of the
referee that Ashley & Lusk were borrowers of money from defendant
and paid it much usurious interest. In 1909 defendant accepted in
settlement of indebtedness then existing three notes of Ashley & Lusk
of $1,000 each, with the other plaintiffs herein as indorsers. The de-
fendant obtained judgments against the three indorsers on the notes,
which are unpaid. In the present action the three plaintiff indorsers
ask that the judgments be set aside for fraud.

The referee ruled against them and sustained motion to nonsuit. As
they have not appealed, that feature of the case is eliminated. Plaintiffs
Ashley & Lusk seek to recover the penalty for usurious interest paid
defendant by them, and ask that it be applied in satisfaction of the
judgments against their indorsers, and that the debt as to them be dis-
charged *pro tanto,* also, as it is the same indebtedness upon which the
said judgments were recovered.

The defendant in its answer admits receipt of as much as 10 per cent interest in advance on its loans to Ashley & Lusk, and avers that the three $1,000 notes, on which judgments were obtained against the indorsers, represent only principal money. The statute of limitations is pleaded and judgment demanded against Ashley & Lusk, as well as the indorsers on the said notes.

The judge confirmed the report of the referee. The findings of fact are binding upon us, as it is not contended that there is no evidence to support them. The referee finds that defendant knowingly and intentionally exacted 10 and 12 per cent interest on the various loans to said plaintiffs and that the aggregate amount of interest received was $1,971.80, and that in June, 1909, the amount due by plaintiffs Ashley & Lusk to the defendant upon the several notes mentioned (not taking into consideration usurious interest charged), and allowing credit for the partial payments, was $3,034.

Our statute provides that where usury is exacted the person who has paid it may recover back twice the amount of interest paid, and further, "That in any action brought in any court of competent jurisdiction to recover upon any such note or other evidence of debt it shall be lawful for the party against whom the action is brought to plead as a counterclaim the benefit above provided for, to wit, twice the amount of interest paid as aforesaid, and also the forfeiture of the entire interest." Revisal, 1951.

There can be no question that upon these findings the defendant is liable for the penalty, and that it must be applied to the discharge *pro tanto* of the notes of Ashley & Lusk as well as to the judgments against the indorsers, as directed by the referee.

The defendant invokes the well established principle of equity that a debtor, seeking the aid of a court of equity, will have the usurious element eliminated from his debt only upon his paying the principal and legal rate of interest, the only forfeiture enforced against the creditor being the excess of the legal rate. *Churchill v. Turnage,* 122 N. C., 426; *Owens v. Wright,* 161 N. C., 127; *Simonton v. Lanier,* 71 N. C., 498.

There is nothing in this case upon which to apply that principle. In the cases cited it will be found that the plaintiffs were seeking aid of a court of equity to enjoin the foreclosure of a mortgage or to grant other equitable relief. These plaintiffs do not seek the interposition of equity in their behalf. They are suing at law "in an action in the nature of an action for defendant," as provided in the statute for a statutory penalty.

The statute of limitations does not bar this action, as the defendant is a nonresident corporation with no agent in this State upon whom

process could have been served. *Williams v. B. and L. Assn.,* 131 N. C., 267.

The fact that the plaintiff Ashley is a nonresident of the State and that plaintiff Lusk has been a nonresident for nearly two years since their cause of action accrued did not start the running of the statute in favor of a nonresident corporation which had not appointed an agent for service in the State of the forum. 25 Cyc., 1238-1240.

The judgment is

Affirmed.