PANDELI JOHN *vs.* DEMETRI JOHN.

Worcester.     September 24, 1940. — December 10, 1940.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Practice, Civil,* Requests, rulings and instructions.

The refusal of a requested instruction to the jury not based on any evidence in the case was not error.

CONTRACT. Writ in the First District Court of Southern Worcester dated March 26, 1937.

Upon removal to the Superior Court, the action was heard by an auditor and afterwards was tried before *T. J. Hammond,* J. There was a verdict for the plaintiff in the sum of $5,318.18. The defendant alleged exceptions.

The case was submitted on briefs.

*W. J. Moosa & H. Zarrow*, for the defendant.

*W. W. Buckley*, for the plaintiff.

LUMMUS, J.   The plaintiff sues in contract upon two counts for the same cause of action, one for money given to the defendant to keep for the plaintiff to be repaid upon demand, the other for money paid to the defendant's use. The parties are brothers.   The defendant came to this Commonwealth from Connecticut, where the plaintiff still lives, in September, 1933.   It was agreed that the plaintiff demanded repayment in August, 1927.   The defendant testified that he answered by denying any debt, but the plaintiff testified that the defendant promised repayment when he should marry, as he did in July, 1931.   The defendant testified that there was no other demand, but the plaintiff testified that he made another demand "in 1932 or 1933 when the defendant married."   The present action was begun on March 26, 1937.

The substantial defences were a general denial and the statute of limitations.   An auditor found in favor of the plaintiff for $4,676.96.   The defendant insisted upon jury trial, and upon introducing further evidence.   At the trial, the plaintiff introduced the auditor's report and rested. After the defendant had introduced his own testimony and that of several witnesses, including the plaintiff, the jury returned a verdict for the plaintiff for $5,318.18.

If in August, 1927, when the plaintiff demanded repayment, the defendant repudiated the debt, as he testified he did, the lapse of more than six years from that time until September, 1933, when the defendant moved to Massachusetts, caused any action to be barred under the statute of limitations of Connecticut, of which State both parties were residents.   Conn. Gen. Sts. (1930) c. 320, § 6005.   By Massachusetts G. L. (Ter. Ed.) c. 260, § 9, "no action shall be brought by any person upon a cause of action which was barred by the laws of any state or country while he resided therein."   It must be assumed that that principle was covered by the judge in his instructions to the jury, for the bill of exceptions states that he gave "full and complete

instructions as to the law bearing on the effect of the statute of limitations."

The only exception is to the failure to give the following requested instruction: "Where the relationship between the plaintiff and the defendant provides for a repayment of moneys by the defendant to the plaintiff at some date in the future, yet a repudiation made prior to that future date gives rise to an immediate cause of action." We are unable to discover any evidence to which this request is applicable. The only evidence of a promise to repay at a date in the future is the evidence of the plaintiff that the defendant, when demand was made in August, 1927, promised to repay the money upon his marriage. There is no evidence of any repudiation after that promise and before the marriage. After the marriage the defendant lived little more than two years in Connecticut, not long enough for the statute of limitations of Connecticut to run. The action was not barred by the statute of limitations of Massachusetts after the defendant removed to this Commonwealth. G. L. (Ter. Ed.) c. 260, § 9. The requested instruction was inapplicable to any aspect of the case before the court.

*Exceptions overruled.*