THE MERCHANTS & PLANTERS NATIONAL BANK OF SHERMAN v.
G. T. APPLEYARD.

(Filed 23 September, 1953.)

**1. Courts § 14—**

In a suit on a transitory cause of action arising in another state, the substantive rights of the parties are governed by the *lex loci*, while procedural matters are governed by the *lex fori*.

**2. Same: Constitutional Law § 18: Limitation of Actions §§ 1, 8—In action instituted here on cause arising in another state between nonresidents, G.S. 1-21 tolling statute of limitations applies.**

A resident of another state there executed a note not under seal to a corporation having its principal place of business in such other state. The maker thereafter moved to this State. The corporation instituted action against the maker here more than three years after the maturity of the note but less than three years after the latter had moved to this State. The cause of action was not barred by the applicable statute of such other state at the time the action was instituted here. *Held:* Our statute of limitations, as well as applicable provisions tolling the running of the statute, are applicable as matters of procedure, and therefore G.S. 1-21 tolls the running of the statute, and the nonresident plaintiff is entitled to the benefit of its provisions as a privilege guaranteed by Art. IV, sec. 2, of the Constitution of the United States.

BARNHILL, J., concurring in result.

APPEAL by defendant from *Armstrong, J.,* February Term, 1953, of FORSYTH.

This is a civil action to recover on a promissory note.

145

The defendant Appleyard, on 6 December, 1947, executed and delivered to the plaintiff a promissory note, not under seal, in the sum of $6,000, payable sixty days after date, to wit: 4 February, 1948. At the time the note was executed, the defendant was a resident of the State of Texas, and the plaintiff, a national bank, was duly organized and engaged in the banking business at Sherman, Texas, where its principal office and place of business is located. The defendant prior to 1946 was a resident of North Carolina. He returned to this State in December, 1951, and again became a resident thereof.

The statute of limitations on a note, not under seal, in the State of Texas, is four years. This action was instituted on 29 January, 1952, a few days prior to the expiration of four years from and after the maturity of the above note.

The defendant in his answer plead the three-year statute of limitations as provided in North Carolina by G.S. 1-52, as a bar to plaintiff's cause of action.

When this cause came on for hearing, the plaintiff moved for judgment on the pleadings on the ground that the only defense raised by the defendant in his answer was the legal defense of the statute of limitations. The defendant admitted, through his counsel, that the only issue raised by his answer was his plea to the effect that the plaintiff's cause of action was barred by the North Carolina three-year statute of limitations. Whereupon, the court, after hearing argument of counsel, allowed the plaintiff's motion and entered judgment accordingly. The defendant appealed, assigning error.

*Ratcliff, Vaughn, Hudson, Ferrell & Carter for plaintiff, appellee.*
*Deal, Hutchins & Minor for defendant, appellant.*

DENNY, J. The note in question having been executed in the State of Texas, the substantive rights of the parties are subject to the *lex loci*. However, since the plaintiff has instituted an action in this jurisdiction for the enforcement of its substantive rights against the defendant, its remedial rights are governed by the *lex fori*. McIntosh, North Carolina Practice and Procedure, section 103, page 104; Restatement, Conflict of Laws, section 603 (1934); 53 C.J.S., Limitations of Actions, section 28, page 972; *Wells v. Simonds Abrasive Co.,* 345 U.S. 514, 97 L. Ed. ......, 73 U. S. Rep. 856; *Sayer v. Henderson,* 225 N.C. 642, 35 S.E. 2d 875; *Webb v. Webb,* 222 N.C. 551, 23 S.E. 2d 897; *Clodfelter v. Wells,* 212 N.C. 823, 195 S.E. 11; *Smith v. Gordon,* 204 N.C. 695, 169 S.E. 634; *Tieffenbrun v. Flannery,* 198 N.C. 397, 151 S.E. 857, 68 A.L.R. 210; *Vanderbilt v. R. R.,* 188 N.C. 568, 125 S.E. 387, 52 A.L.R. 287; *Patton v. W. M. Ritter Lumber Co.,* 171 N.C. 837, 73 S.E. 167; *Arrington v.*

*Arrington,* 127 N.C. 190, 37 S.E. 212, 52 L.R.A. 201, 80 Am. St. Rep. 791; *Haws v. Cragie,* 49 N.C. 394. Therefore, it must be conceded that the plaintiff's cause of action is barred unless section 1-21 of our General Statutes is applicable. This statute in pertinent part reads as follows: "If, when the cause of action accrues or judgment is rendered or docketed against a person, he is out of the state, action may be commenced, or judgment enforced, within the times herein limited, after the return of the person into this state, . . . the time of his absence shall not be a part of the time limited for the commencement of the action, or the enforcement of the judgment."

The plaintiff is not now and never was a resident of the State of North Carolina. The defendant was a resident of North Carolina for approximately thirteen years before moving to the State of Texas in 1946. However, he was a nonresident of this State on 6 December, 1947, when he executed and delivered the note in controversy to the plaintiff and remained so until December, 1951.

The defendant was a resident of the State of Texas when the note was executed and when it matured. Therefore, he was not a resident of North Carolina when the cause of action arose; and the fact that the defendant had formerly lived in this State has no bearing on the interpretation or construction to be placed on the above statute.

The crucial question to be determined is whether the above statute is applicable to causes of action that arise out of the State and between parties who were nonresidents of this State when such actions arose, or whether the statute is applicable only to causes of action that arise in this State in favor of creditors residing therein. It appears that this precise question has not been decided by this Court. In our decisions in which the statute has been construed and applied by this Court, the creditors, or at least some of them, were residents of the State at the time the respective obligations were created and the causes of action arose. *Armfield et al. v. Moore,* 97 N.C. 34, 2 S.E. 347; *Alpha Mills v. Engine Co.,* 116 N.C. 797, 21 S.E. 917; *Lee v. McKoy,* 118 N.C. 518, 24 S.E. 210; *Williams v. Building and Loan Association,* 131 N.C. 267, 42 S.E. 607; *Love v. West,* 169 N.C. 13, 84 S.E. 1048; *Cuthbertson v. Bank,* 170 N.C. 531, 87 S.E. 333; *Hill v. Lindsay,* 210 N.C. 694, 188 S.E. 406.

In *Armfield et al. v. Moore, supra,* the defendant executed a note under seal to the plaintiffs in the town of Monroe, in this State, and at the time of its execution, the maker thereof, the defendant, was a nonresident of this State and remained so thereafter. The plaintiffs instituted an action to recover on the note more than ten years after its maturity, and the Court held that the defendant being a nonresident of the State would not be permitted to· take advantage of the ten-year statute of limitations which he pleaded, in view of the provisions of the Code 162 (now G.S.

1-21).  The Court, in considering the statute, said: "The purpose is, to prevent defendants from having the benefit of the lapse of time—the statute of limitation—while they permit debts against them, past due, to remain unpaid, or other causes of action against them to remain undischarged, and keep beyond the limits of the State and the jurisdiction of its courts, and thus prevent the person having the right to sue, from doing so.  It is not the policy or purpose of the State, to drive its citizens, directly or indirectly, to seek their legal remedies abroad, or to encourage nonresidents to keep out of it and beyond the jurisdiction of its courts, as would in some measure be the case, if by keeping out of the State, the debtor or person against whom a cause of action exists, could avail himself of the lapse of time during his absence.  The counsel for the appellant insisted in the argument, that the statute under consideration does not embrace nonresidents of this State.  We cannot so interpret it.  The words 'any person,' employed to designate the persons to be affected and embraced by it, are very comprehensive, and there is nothing in its scope or purpose that excludes them."

We think it must be conceded that the statute under consideration was enacted for the primary purpose of tolling the statute of limitations in favor of the citizens and residents of this State whenever a cause of action arises in their favor, and the debtor, either resident or nonresident, is beyond the reach of process of our courts.  Even so, this does not mean that our courts should not be open to a nonresident plaintiff to enforce a claim on a cause of action that is not barred in the jurisdiction where such cause of action arose, where the debtor has not been a resident of this State for the statutory time necessary to bar the action.  Statutes like ours and those substantially and essentially in accord therewith, have been held to toll the statute in such cases where neither the plaintiff nor the defendant was a resident of the state of the forum at the time of the institution of the action and never was, as well as in those cases where the obligation arose out of the state of the forum and the debtor had not resided in the state of the forum for a time sufficient to bar the action by the *lex fori. Steen v. Swadley,* 126 Ala. 616, 28 So. 620; *Western Coal & Mining Co. v. Hilvert,* 63 Ariz. 171, 160 P. 2d 331; *McKee v. Dodd,* 152 Cal. 637, 93 P. 854, 14 L.R.A. (N.S.) 780, 125 Am. St. Rep. 82; *Cvecich v. Giardino,* 37 Cal. App. 2d 394, 99 P. 2d 573; *Simon v. Wilnes,* 97 Colo. 78, 47 P. 2d 406; *Newton v. Mann,* 111 Colo. 76, 137 P. 2d 776, 147 A.L.R. 767; *Hatch v. Spofford,* 24 Conn. 432; *Jones v. Wells,* 7 Del. 209, 2 Houst 209; *Van Deren v. Lory,* 87 Fla. 422, 100 So. 794; *West v. Theis,* 15 Idaho 167, 96 P. 932, 17 L.R.A. (N.S.) 472, 128 Am. St. Rep. 58 (Idaho now has a provision in its statute which prevents recovery on a claim in that State, if barred in the jurisdiction where the cause of action arose, Idaho Code 5-239; *Ross v. Rees,* 55 Iowa 296, 7 N.W.

611; *McNamara v. McAllister,* 150 Iowa 243, 130 N.W. 26, 34 L.R.A. (N.S.) 436, Ann. Cas. 1912D 463; *Bonifant v. Doniphan,* 3 Kan. 26 (Kansas has amended its statute so as not to toll the statute of limitations where the plaintiff and defendant were nonresidents of the State when the cause of action accrued and such cause of action is barred in the State where it arose, *Bruner v. Martin,* 76 Kan. 862, 93 P. 165, 14 L.R.A. (N.S.) 775, 123 Am. St. Rep. 172, 14 Ann. Cas. 39); *Thompson v. Reed,* 75 Me. 404; *Frye v. Parker,* 84 Me. 251, 24 A. 844; *Mason v. Union Mills Paper Co.,* 81 Md. 446, 32 A. 311, 29 L.R.A. 273, 48 Am. St. Rep. 524; *John v. John,* 307 Mass. 514, 30 N.E. 2d 542 (it is pointed out in this case that the statute contains a provision to the effect that an action cannot be maintained in Massachusetts on a cause of action arising out of the State, if such cause of action is barred in the State where it arose); *Belden v. Blackman,* 118 Mich. 448, 76 N.W. 979; *Tagart v. Indiana,* 15 Mo. 209 (statute in Missouri has been changed so as to apply only to any debtor who is a resident of that State, *Koppel v. Rowland,* 319 Mo. 602, 4 S.W. 2d 816); *Hartley v. Crawford,* 12 Neb. 471, 11 N.W. 729; *Paine v. Drew,* 44 N.H. 306; *In re Goldsworthy,* 45 N. Mex. 406, 115 P. 2d 627, 148 A.L.R. 722; *Ruggles v. Keeler* (N.Y.), 3 Johns. 263, 3 Am. Dec. 482; *Meyers v. Credit Lyonnais,* 259 N.Y. 399, 182 N.E. 61, 83 A.L.R. 268 (this case expressly disapproves *Garrison v. Newman,* 222 App. Div. 498, 227 N. Y. Supp. 78, which held that where the creditor and debtor were nonresidents and the cause of action accrued outside the State of New York, that the exception to the statute did not apply); *Bean v. Rumrill,* 69 Okla. 300, 172 P. 452; *Crocker v. Arey,* 3 R.I. 178; *McConnell v. Spicker,* 15 S.D. 98, 87 N.W. 574; *Raymond v. Barnard,* 71 S.D. 630, 28 N.W. 2d 700; *Kempe v. Bader,* 86 Tenn. 189, 6 S.W. 126 (overruling *Barbour v. Erwin,* 14 Lea 721); *Burnes v. Crane,* 1 Utah 179. See Annotations 83 A.L.R. 271; 148 A.L.R. 732 and 17 A.L.R. 2d 502.

In the recent case of *Howle v. Express, Inc.,* 237 N.C. 667, 75 S.E. 2d 732, *Winborne, J.,* assembled our decisions to the effect that a nonresident has the right to bring an action in our courts as one of the privileges guaranteed the citizens of the several states by the Constitution of the United States, Article IV, section 2. A nonresident is entitled to the benefit of statutory provisions such as those contained in G.S. 1-21, and may bring his action in the state of the forum under the same terms and conditions which would have been applicable to him if he had been a resident thereof at the time the action arose.

Let us consider carefully that part of G.S. 1-21 which is applicable to this case. A casual examination of the statute might lead to the conclusion that the debtor must have been a resident of this State or temporarily residing therein at the time the obligation was created and upon

which the cause of action arose, since we usually do not speak of returning; to a place we have never been. The origin of the statute and the construction placed upon some of the words and phrases contained therein, by other courts, may be helpful to us in answering the question posed on this appeal. The Statute of 4 & 5 Anne, chapter 16, section 19, provided in substance that if any person against whom there should be any cause of action was, at the time such action accrued, beyond the seas, the action might be brought against him on his return within the time limited for bringing such action. 65 C.J.S., Limitations of Actions, section 208, page 229, *et seq.* The original English statute may be found in English Statutes at Large, Volume 4, page 207. The term "beyond the seas," used in the English statute, was construed by the English courts to be synonymous with "beyond the realm," or "out of the realm." Since we have the several states, each with its own judicial system, each state is a separate realm in the sense in which the term "beyond the seas" was used in the English statute. But with our citizens constantly engaged in interstate commerce among the several states, and nonresident debtors contracting with citizens of the several states, the term "out of the state," having been substituted for the term "beyond the seas," in most of the statutes now in effect in the several states; the courts, generally, in effect and in some cases expressly, have held that the words "return of the person to this state," or "into the state," mean "return to the state," or "come into the state." Likewise, the words "absence" and "return" do not restrict the operation of the exception to those only who have been in the state. Otherwise, the pertinent provisions of the statute which we are considering would not toll the statute of limitations and stop it from running in favor of a nonresident debtor who had never been a resident of this State. *Steen v. Swadley, supra; Van Deren v. Lory, supra; West v. Theis, supra; Paine v. Drew, supra; Meyers v. Credit Lyonnais, supra; Ovecich v. Giardino, supra;* Anno. 17 A.L.R. 2d 506; 34 Am. Jur., Limitations of Actions, section 215, page 172, *et seq.;* 54 C.J.S., Limitations of Actions, section 210 (b), page 231. The last cited authority states: "The word 'return,' used in the statute to indicate the starting point of the running of the time, cannot restrict the operation of the exception to those only who have been in the state."

In the early case of *Ruggles v. Keeler, supra,* Chief Justice Kent used this language: "Whether the defendant be a resident of this state, and only absent for a time, or whether he resides altogether out of the state, is immaterial. He is equally within the proviso. If the cause of action arose out of the state, it is sufficient to save the statute from running in favor of the party to be charged, until he comes within our jurisdiction." This Court reached a similar conclusion in *Green v. Insurance Co.,* 139

N.C. 309, 151 S.E. 887; *Williams v. Building and Loan Association, supra,* and *Cuthbertson v. Bank, supra.*

Likewise, with respect to actions accruing out of the state of the forum, the Supreme Court of Arizona, in the case of *Western Coal & Mining Co. v. Hilvert, supra,* stated the majority view in the following language: "To construe the act as limited to claims arising in this state would be a strained and narrow construction. It would require us to add to the broad scope of the act applying to any 'person against whom there shall be a cause of action' the limiting words 'arising in this state.' If the action was not barred by the law of the place of the breach or residence of the defendant, we see no reason in justice or policy why we should construe this act to extend the tolling provisions of the statute only to causes of action arising within this state, the legislature having declared no such purpose." The Arizona Court, in its opinion, quoted with approval what was said in the early case of *Hartley v. Crawford, supra,* to the effect that to hold that the statute "applies only to causes of action accruing in this state, 'or in behalf of one of our citizens' would be exceedingly forced, and entirely unsupported, as we think, by reason or authority. The language of the statute is general, and applies to all personal causes of action to which a bar is provided in the preceding sections."

The States of Mississippi and Pennsylvania have limited the tolling of their statutes of limitation by amending statutes similar to the one under consideration so as to make them applicable only to causes of action arising within those respective States. *Wright v. Mordaunt,* 77 Miss. 537, 27 So. 640, 78 Am. St. Rep. 536; *United States Fidelity & G. Co. v. Ransom,* 192 Miss. 286, 5 So. 2d 238; *Shaffer's Estate,* 228 Pa. 36, 76 A. 716; *Continental Illinois Nat. Bank & T. Co. v. Holmes* (D.C.), 21 F. Supp. 309.

The State of Minnesota has enacted legislation to the effect that where a cause of action has arisen out of the State, an action thereon cannot be maintained within that State if it is barred by the laws of the State or foreign country where it arose, unless the cause of action from the time it accrued had been in favor of a citizen of Minnesota. *Powers Mercantile Co. v. Blethen,* 91 Minn. 339, 97 N.W. 1056. The State of Oregon, by legislative action, has likewise limited actions that may be brought on causes of actions arising outside of the State to those that are not barred in the jurisdiction where they arose. *McCormick v. Blanchard,* 7 Ore. 232; *Re Wemple,* 92 Ore. 41, 179 P. 674. In line with this view, New York's Civil Practice Act, section 13, provides: "Where a cause of action arises outside of this state, an action cannot be brought in a court of this state to enforce such cause of action after the expiration of the time limited by the laws of a state or country where the cause of action arose, for bringing an action upon such cause of action, except where the cause

of action originally accrued in favor of a resident of this state." Thompson's Laws of New York (1939, Part II).

The statute in Illinois, in pertinent part, is identical with ours; however, it contains this proviso: "But the foregoing provision of this section shall not apply to any cause, when, at the time the cause of action accrued, or shall accrue, neither the party against nor in favor of whom the same accrued, or shall accrue, were or are residents of this state." *Mitchell v. Comstock,* 305 Ill. App. 360, 27 N.E. 2d 620.

The minority view, holding that a statute similar to ours, does not apply to actions accruing outside the state between a nonresident creditor and a nonresident debtor, has been followed by New Jersey and Texas. *Shapiro v. Friedman,* 132 N.J.L. 456, 41 A. 2d 10; *Stone v. Phillips,* 142 Texas 216, 176 S.W. 2d 932.

In the case of *Shapiro v. Friedman, supra,* the Court said: "These statutes, in our view, are predicated on the idea of saving a resident creditor's action against a debtor who is nonresident when the action accrues or who leaves the state after the accrual and before the statute of limitations has run. It is true that the majority of the states have construed statutes of similar import differently on this point. See 83 A.L.R., p. 273; also *Id.,* p. 276; 148 A.L.R., p. 732, p. 736. Some of the statutes, we gather from reading the reports, are quite different from our own. *Meyers v. Credit Lyonnais Co.,* 259 N.Y. 399, 182 N.E. 61, 83 A.L.R. 268."

Other states have also added provisions to their statutes which take them out of the majority or minority line of cases, among them being Georgia, Kentucky, Vermont, and Wisconsin. *Moore v. Carroll,* 54 Ga. 126; *Sword v. Scott,* 293 Ky. 630, 169 S.W. 2d 825; *Troll v. Hanauer,* 57 Vt. 139; *National Bank v. Davis,* 100 Wisc. 240, 75 N.W. 1006. It will also be noted that many jurisdictions, while adhering to the majority view, have adopted legislation which may prevent recovery on a cause of action arising out of the state of the forum, if such action, at the time of its institution, was barred in the jurisdiction in which it arose. Whether we should take similar action is a matter for the Legislature. Be that as it may, the cause of action involved herein was not barred in the jurisdiction in which it arose at the time the present action was instituted.

After a careful review and consideration of the authorities bearing on the question presented, we are inclined to follow the majority view.

The judgment of the court below is

Affirmed.

BARNHILL, J., concurring in result: The court below rendered judgment on the pleadings. This in itself presents a question worthy of some

consideration. The answer contains an unequivocal denial that defendant is indebted to plaintiff in any amount. He likewise pleads our three-year statute of limitations, and it appears that this action was instituted more than three years after plaintiff's cause of action accrued. G.S. 1-15, G.S. 1-52. While the briefs filed and arguments made by counsel disclose that plaintiff is relying on the provisions of G.S. 1-21, plaintiff does not allege in reply that the statute was tolled by the fact defendant was "out of the State" when its cause of action arose and did not become a resident of this State until December 1951, shortly before the institution of this action.

We have consistently held that a litigant must plead the provisions of our prescription statutes upon which he relies. The statute so provides. G.S. 1-15. Why should not that rule apply here? *Le Mieux Bros. Corporation v. Armstrong,* 91 F. 2d 445.

Decision in the court below was made to turn on our three-year statute of limitations. Since this action was not instituted until almost four years after plaintiff's cause of action arose, it is apparent the trial judge concluded that the provision of G.S. 1-21, which tolls the statute if the debtor is out of the State at the time the cause of action arose, is controlling. If that be the case, then the beginning date of the three-year period is the date of the debtor's return to the state rather than the date the cause of action accrued. G.S. 1-15. That is the rationale of the majority opinion.

The majority conclude that G.S. 1-21 applies even when both the creditor and debtor were nonresidents when the plaintiff's cause of action accrued and the cause of action arose in the State of their residence. I find it utterly impossible to concur in this conclusion. While I concur in the affirmance of the judgment, my concurrence is bottomed on the reasons hereinafter stated.

I readily concede that the majority view follows the apparent weight of authority which is the usual practice when the exact question presented has not been decided in this State. However, in my opinion, there has been more unsound, superficial, and illogical writing by the courts in construing provisions somewhat similar to those contained in G.S. 1-21 than on any other subject it has been my privilege to investigate. There has been as much judicial flirtation on this question as on any in the books.

In 1808, *Kent, C. J.,* in his opinion in *Ruggles v. Keeler,* 3 Am. Dec. 482, construing the New York statute, held that a statute of limitations of a State (Conn.) in which the cause of action accrued could not be pleaded in a suit instituted in New York; that "out of the State" as used in the New York statute tolling the statute of limitations applies to all foreigners; and that "after the return" embraces those who enter the

State for the first time.   He gave no reason for his conclusions and engaged in no analytical discussion of the New York statute. . .Instead, the statements are more or less categorical in nature.        '·:¦      ·¡ ·.

Since that time the courts of the several States (except Texas, New Jersey, and Kansas) which have applied similar though not identical statutes, have picked up and followed. the opinion in the *Ruggles case.* This has been done in most cases with perfunctory or superficial discussion.                                                    :   .

These cases, relied on by the majority, hold that the term "out of the State" has a universal meaning, notwithstanding the context of its use, and includes foreigners who have never been within the State; and· "after the return of the person (debtor) into this State" includes not only those who depart and later return·but also any and all who come into the State for the first time.   "The word 'return' as used in the statutes does not confine the exception to residents, and a nonresident coming into the State for the first time after a cause of action has accrued is regarded as returning to the state."   54 C.J.S. 237.                                      ¡

To my mind to say that a man was "out of the State" at a certain time or that he "returned" to the State on a certain date, when theretofore he had never been in the State, gives these terms a connotation which ·is strained, unnatural, and unrealistic, and wholly unsupported by reason or logic.

I must confess that my mental reaction to such conclusions invites much writing.   However, I shall attempt to confine my comment to the subject at hand.

It should be noted in the beginning that the cases cited and relied on are clearly distinguishable and cannot be considered authoritative on the question here presented.   While I may be the one who is entirely off the beam, I cannot follow the logic of these cases or concede that they are sufficiently in point to be controlling.

Instead, I prefer to follow the well-reasoned opinions in *Stone v. Phil-lips,* 176 S.W. 2d 932 (Tex.); *Shapiro v. Friedman,* 132 N.J.L. 456; 41 A. 2d 10; and *Bruner v. Martin,* 93 Pac. 164 (Kan.).

In *Armfield v. Moore,* 97 N.C. 34, and *Lee v. McKoy,* 118 N.C. .518, plaintiffs were residents of North Carolina and the cause accrued here. In *Ewbank v. Lyman,* 170 N.C. 507, the action was to vacate a deed for fraud.   It was of course necessary to maintain that action in this State. In *Hill v. Lindsåy,* 210 N.C. 694, at least one of the plaintiffs was a resident.

The cases cited from other jurisdictions involve statutes which vary so greatly in their wording that decisions relating thereto must be considered with regard to the particular phraseology employed in creating them. 34 A.J. 173; 83 A.L.R. 272; 17 A.L.R..2d 503.          .        .

· In many of the cases the plaintiff was a resident of the state of the forum, and the cause of action accrued in that state. With these decisions I am in full accord. A creditor is not required to pursue his debtor from state to state. It is instead the duty of the debtor to seek out his creditor and pay him what is due. If the debtor is a nonresident or is out of the State at the time the cause of action accrues, the creditor may wait·for him to return to the State, and the statute is tolled so long as the debtor·is beyond the jurisdiction of the local courts. To my mind that is the very purpose of the exceptive provisions contained in G.S. 1-21.

There are only a few cases in which both plaintiff and defendant were ·nonresidents of the State of the forum when the cause of action accrued, and the plaintiff was a nonresident of the State of the forum at the time suit was instituted. In these few cases the majority of the courts apply the same rule. Apparently only Texas, *Stone v. Phillips, supra;* New Jersey, *Shapiro v. Friedman, supra;* and Kansas, *Bruner v. Martin, supra;* take·the opposite view in accord with my way of thinking. See also·*Skaggs v. Fyffe,* 299 Ky. 751, 187 S.W. 2d 280; *Wright v. Mordaunt,* 27 So. 640; *In re Shaffer's Estate,* 76 A. 716.

···Even those cases in which the facts are substantially on all fours with the instant case, in which the majority rule is applied, are factually distinguishable. Here defendant was a resident of plaintiff's home State and ·amenable to process issued out of a court of competent jurisdiction of that State for three years and ten months next after plaintiff's cause of action accrued. Notwithstanding the fact plaintiff had the right to sue and defendant was subject to the service of process, it delayed action more·than the three-year period prescribed by our statute.

So then, the question comes to this: Where a cause of action on an unsealed promissory note accrues in favor of a Texas bank against a citizen of Texas who continues to reside in Texas thereafter for three years and ten months, amenable to process issued by a Texas court of competent jurisdiction, and then comes into this State where the bank appears and institutes an action on its note just seven days less than four years after its cause of action accrued, does our three-year statute, G.S. 1-52, apply and was the running of said statute tolled by reason of the fact the defendant was out of this State when the cause of action accrued and came into this State less than three years prior to the institution of said action, G.S. 1-21?

In my opinion the answer should be in the negative. Our statute, when correctly construed, is not controlling. Instead, we must look to the prescription statute of the State in which the parties resided at the time the contract was made and the cause of action accrued to determine whether plaintiff's claim is barred. That was the statute in the contemplation of the parties when the contract was made.

The fundamental principle of statutory construction is to give effect to the intent of the Legislature, for the heart of the law is the intention of the lawmaking body. Strict adherence to literalness is the cardinal sin of statutory construction. And so we are not required to accord the language used an unnecessarily literal meaning. Context and purpose are controlling and the right to be protected or the evil to be remedied is to be accorded prime consideration. Statutory provisions should be construed in consonance with the objects and purposes in contemplation at the time of their adoption. *Perry v. Stancil,* 237 N.C. 442; *In re Yelton: Advisory Opinion,* 223 N.C. 845.

Furthermore, "An inhibition or prohibition usually extends no farther than the reason on which it is founded. *Cessante ratione, cessat ipsa lex."* *In re Yelton, supra.*

To these general rules I may add with confidence that in proper cases such as this the limitations upon the power of the lawmaking agency in large measure determines the intent, purpose, and scope of the language used, for we may not assume the Legislature intentionally exceeded its lawmaking authority.

G.S. 1-15 provides that "Civil actions can only be commenced within the periods prescribed in this chapter, after the cause of action has accrued, except where in special cases a different limitation is prescribed by statute." G.S. 1-21, which is a part of the same statute and must be considered *in pari materia,* is in the nature of a proviso and is one of the "special cases" excepted in G.S. 1-15. G.S. 1-15 provides the general rule and G.S. 1-21 sets forth the exceptions thereto.

So then, in effect, the pertinent part of our statute reads as follows: "Civil actions can only be commenced within the periods prescribed in this chapter, after the cause of action has accrued, provided, however, if, when the cause of action accrues . . . against a person, he is out of the State, action may be commenced . . . within the times herein limited, after the return of the person into this State . . ."

The General Assembly in enacting this statute was legislating for the people of this State and regulating their right to maintain actions in our courts. The statute is a declaration of local policy without force or effect beyond the borders of the State. It was designed and intended to prescribe, regulate, and protect the rights of residents. This was the extent of its legislative authority.

"The object of the section was for the protection of domestic creditors . . . And it was intended to protect them from the inconvenience and loss, to which they would be exposed by the absence of their debtors and consequent immunity of the latter from process and judgment." *Stone v. Phillips, supra; Wilson et al. v. Daggett,* 88 Tex. 375, 31 S.W. 618.

Its purpose is to secure to plaintiff the same time in which to commence an action against an absent or nonresident defendant that he would have if defendant were an actual resident of the State. 54 C.J.S. 232; *McLaughlin v. Aetna Life Ins. Co.,* 221 Mich. 479, 191 N.W. 224.

The exceptive provision is based on the premise that the statute was intended to protect or save the action because it accrued here and the debtor is not to be benefited because he leaves this State. *Shapiro v. Friedman, supra.* It contemplates an absence from the State that will prevent plaintiff from reducing his cause of action to a judgment *in personam, Niblack v. Goodman,* 67 Ind. 174, and its purpose is to prevent the defendant from defeating plaintiff's right to prosecute his action. *Embrey v. Jemison,* 131 U.S. 336, 33 L. Ed. 172.

On the one hand, the statute is intended to limit the right of a plaintiff to institute his action, and it specifies the time limitation in respect to each and every type of action—three years when the action is bottomed on an unsealed promissory note as in this case. On the other hand, it is designed to prevent the debtor from evading the jurisdiction of the court by departing the State either before or after the cause of action accrues. It thus assures the plaintiff the full time stipulated in the statute in which to institute his action.

In construing similar Acts, the courts, in my opinion, have placed undue emphasis upon the terms "out of the State" and "return into the State" and have overlooked or failed to consider the limiting provision, "If, when the cause of action accrues." That is the key provision of the section. Determine what causes of action it includes and you solve the meaning and purpose of the whole section.

In determining what causes of action are included in this provision, neither the removal of defendant to this State after plaintiff's cause of action accrued in Texas nor the length of time he had been in this State when this action was instituted is material. The decisive facts are these: The note described in the complaint and plaintiff's cause of action bottomed thereon are items of property which belong to a nonresident; and the plaintiff is now, and was at the time its cause of action accrued in its home state, a nonresident of this State.

The note held by plaintiff is property. Likewise, the cause of action created by defendant's default in the payment thereof is property. It is a chose in action. "A vested right of action is property in the same sense in which tangible things are property . . ." *Williams v. R. R.,* 153 N.C. 360.

This property which is involved in this litigation constitutes a part of the mass of property located in the State of Texas. In respect thereto, there was no right to be protected or evil to be remedied by our Legislature. It is no concern of our Legislature as to when a nonresident shall

institute his action. Nor is a nonresident disadvantaged because his debtor is beyond the jurisdiction of our courts. Why then should the Legislature undertake to provide for the tolling of our prescription statute in behalf of one who is not himself within the State and has no cause to come to this State to institute his action so long as his debtor is "out of the State?"

Plaintiff was not inconvenienced by the fact defendant was out of the State of North Carolina. From the date defendant's cause of action accrued until the date defendant established residence in this State, it was unaffected by defendant's nonresidence here. During the full time he was amenable to process and plaintiff was free to prosecute its action in its home state. It was defendant's departure from Texas that has caused plaintiff inconvenience and loss.

Furthermore, our General Assembly was without authority to legislate in respect to property located in another State or to regulate the rights of nonresidents possessing a cause of action against one of its debtors, which cause accrued in the State of their residence.

Of necessity the absence of any right to be protected or any evil to be remedied by our Legislature in respect to property located in another State and its want of authority to legislate in respect thereto have a direct bearing on the meaning of the language used.

Strangely enough, however, no court, so far as I have been able to ascertain, has considered the limitations upon the authority of the lawmaking agency of government in determining the meaning of similar language used in prescription statutes.

Our statute was designed and intended to prescribe, regulate, and protect the rights of residents. That was the extent of the legislative authority of the General Assembly. I cannot conceive that it intended to undertake to legislate in respect to Texas property, or regulate the rights of a Texas bank against one of its Texas debtors, or to protect such bank against its inability to procure service of summons on one of its debtors without suffering the inconvenience of going to another State. To my mind there is no conceivable reason why our General Assembly should undertake to provide for the tolling of our prescription statute in behalf of one who is not himself in the State and has no cause to come to this State to institute his action so long as his debtor is "out of the State." If our General Assembly intended that G.S. 1-21 should have that force and effect, it was indeed solicitous of the rights of nonresidents.

So then, when we consider the legitimate objective of the statute and the limitations upon the lawmaking power of our General Assembly, the language used, by clear implication, limits the provisions of the statute to a resident creditor possessing a cause of action against one who was in the State when the contract was made or the liability was incurred but

left the State before the cause of action accrued or after its accrual but before the statute of limitations had run its course. *Otis v. Bennett,* 302 U.S. 727, 82 L. Ed. 561; *Banco-Ky's Rec'r. v. Nat. Bank of Ky's Rec'r.,* 187 S.W. 2d 357; *Daly v. Power,* 59 S.W. 2d 10; *Carter v. Burns,* 61 S.W. 2d 933; 54 C.J.S. 235.

"If, when the cause of action accrues" means "if, when the cause of action accrues in this State." This meaning is as implicit as if the term "in this State" was actually written in the statute. The other language in the statute fortifies this conclusion. We do not ordinarily speak of a person as being out of the State unless he is customarily in the State, and "return" ordinarily means "come back to."

At first blush the answer that the statute regulates procedure in the courts of the State and not the rights of the parties would seem to be sufficient, but such is not its purpose or effect. The statute provides that "civil actions can only be commenced within the periods prescribed within this statute after the cause of action has accrued . . ." G.S. 1-15. Since a civil action is a proceeding to enforce a cause of action, and a cause of action is, in a legal sense, property, it would seem to be clear that the statute constitutes a limitation of a property right. Expiration of the time limitation destroys the property. It ceases to exist.

However, the majority hold that our statute applies and is controlling under the *lex fori* doctrine on the theory it is adjective or procedural law. On this phase of the case, at least, the majority opinion is sustained by the cases cited. If those cases settle any one legal question, it is that the prescription statutes of the State of the forum are procedural in nature and are controlling in cases where the cause of action accrued in some other State. Unfortunately the judicial mind sometimes becomes closed. Apparently on this question it has become closed, clamped down, and padlocked. While some of the cases are distinguishable, there is no escaping the fact that a large majority of the courts which have ruled on the question so hold. There is little, if any, reason advanced in support of the conclusion. The courts, since the decision in *Ruggles v. Keeler, supra,* have been content to make a categorical statement of the rule as set forth in that case. In this conclusion I am unable to concur.

Our statute prescribes no procedure. It cuts off the right as well as the remedy. It imposes a limitation upon the right of a plaintiff to reduce his claim to a judgment *in personam,* and G.S. 1-21 merely fixes the beginning date of the limitation in the event the debtor is out of the State when the cause of action accrues.

Strictly speaking, our statute does not create a condition precedent. It does not enter the picture unless pleaded. Yet, when pleaded, it immediately becomes a condition precedent. The plaintiff may recover only in the event he proves that he instituted his action within the time pre-

scribed by the statute. If the action was not instituted within the time prescribed, plaintiff's right to judgment on its claim is destroyed and his action must be dismissed. *Vail v. Vail,* 233 N.C. 109; *Marks v. McLeod,* 203 N.C. 257; *Southerland v. Crump,* 199 N.C. 111; *Phillips v. Penland,* 196 N.C. 425.

The plaintiff did not come to this State and institute its action under authority of any provision contained in our statutes. It came under authority of the "privileges and immunities" provision of Art. IV, sec. 2, of the United States Constitution. Since its cause of action is a transitory one, it was privileged to institute its action and enforce its rights in respect thereto in the courts of this State where it could procure service of summons. Its claim is unaffected by the laws of this State. The only requirement to which it is subjected is the requirement that in prosecuting its action it follow the procedural law of this State. *Clodfelter v. Wells,* 212 N.C. 823.

In this connection I may note that plaintiff, a corporation, is not a citizen of the United States within the meaning of Art. IV, sec. 2, of the Federal Constitution. *Bode v. Flynn,* 252 N.W. 284, 94 A.L.R. 480; *Blake v. McClung,* 172 U.S. 239, 43 L. Ed. 432. However, we have always extended to foreign corporations the courtesy of the use of our courts, and I willingly treat plaintiff as a citizen for the purpose of this discussion, for it is immaterial whether it is here by comity or as a matter of right. In either event it is bound only by our law of procedure of which, in my opinion, the statute of limitations forms no part.

The Texas General Assembly which possessed legislative authority over plaintiff and its property has declared that plaintiff must exercise its right to reduce its claim to a judgment *in personam* within four years after its cause of action accrued. But this Court says no. It had three years from and after defendant established residence in this State, irrespective of the date of the accrual of its cause of action in the State of Texas. In this conclusion I cannot concur. As heretofore stated, in my opinion our statute has no application to the facts in this case. We must, instead, look to the prescription statute of Texas to ascertain the merits of any contention that plaintiff's cause of action is now stale. Since the plaintiff brought to this State a live claim and instituted its action within the time allowed by the Texas statute, it has the right to maintain its cause in the courts of this State.

If we adopt the view of the majority opinion, then we open the door for serious discrimination in favor of nonresidents. It makes no difference how old a claim may be or what opportunity a nonresident claimant has had to reduce his claim to judgment, our statute is tolled in his behalf so long as the debtor remains out of this State, and it begins to run anew so soon as he removes to this State, whether the claim has been stale for

one year, ten years, or twenty years under the *lex domicilii*. Thus, we open the doors of our courts for the enforcement of a claim of a nonresident which is barred by the laws of the State in which the cause of action accrued. The removal of the debtor to this State resurrects the claim and gives it new life so that it may be enforced in the courts of this State though long since dead in the State of its origin.

It has been suggested, however, that we would not entertain a claim which is stale under the *lex loci*. But we cannot blow hot and cold on the same question by applying the *lex loci* in one case and the *lex fori* in another. That is what that policy would require, for we would be compelled to look to the *lex domicilii* in every case to determine whether the claim is stale. If so, the *lex loci* would control decision. If not, our statute would apply. We must choose one course or the other.

The construction of the statute I advocate would establish a sound, consistent, and uniform rule which would not discriminate against citizens of this or any other State. A nonresident possessing a transitory cause of action against a citizen of this State may maintain an action thereon in the courts of this State if it is a live claim under the *lex domicilii* where the cause accrued. If it is stale under such laws, an action thereon cannot be maintained in the courts of this State. Happily at least the decisions of the courts of Texas, New Jersey, and Kansas are in accord with and support my views.

To summarize, I am of the opinion that:

(1) The residence or nonresidence of defendant in this State is immaterial.

(2) The nonresidence of plaintiff and the accrual of its cause of action in the State of Texas are the vital, determinative facts.

(3) Our statute of limitations has no application to the facts in this case. Instead, the rights of the parties are controlled by the prescription statute of the State where the contract was made and the cause accrued.

(4) It is not the intent or purpose of our prescription statute to resurrect and give new life to a cause of action which is stale under the law of the State in which the cause accrued. A construction thereof which would give it that force and effect is unsound and should not be adopted.

(5) Plaintiff's cause of action is property located in and subject to the laws of Texas.

(6) Since its cause of action is a transitory one and is not barred by the prescription statutes of Texas, the plaintiff has the right to maintain its action in the courts of this State and is, on the admissions made in the answer, entitled to judgment.

It follows that I vote to affirm for the reason plaintiff's claim is a live one under the laws of Texas where it now exists as property, and the debt is admitted, and for no other reason.