Lester F. COCHRANE and wife, Betty Jean Cochrane, Plaintiffs,

v.

Deborah Robinson TURNER, Defendant.

No. C–C–82–760–M.

United States District Court, W.D. North Carolina, Charlotte Division.

Nov. 1, 1983.

John D. Warren and George Daly, Charlotte, N.C., for plaintiffs.

Philip R. Hedrick, Hedrick, Feerick, Eatman, Gardner & Kincheloe, Charlotte, N.C., for defendant.

## ORDER

McMILLAN, District Judge.

Lester F. Cochrane, a plaintiff in this case, is a North Carolina resident. While driving his car in South Carolina, he was allegedly struck by a car driven by a citizen of South Carolina. The accident occurred on December 20, 1976. Plaintiffs filed their complaint in this court almost six years later, on December 16, 1982.

On March 31, 1983, defendant answered the complaint and moved for summary judgment. Defendant argued that N.C. G.S. § 1–52, the three-year statute of limitations on actions for personal injury not arising on contract, bars this action. Plaintiff opposed the summary judgment motion, arguing that, since the matter arose in South Carolina, the six-year South Carolina statute of limitations should apply. Perhaps anticipating a complicated argument from the plaintiffs, the defendant submitted a memorandum citing N.C.G.S. § 1–21, which defendant calls a "borrowing statute." Defendant relied on the second sentence of § 1–21 which reads:

- [W]here a cause of action arose outside of this State and is barred by the laws of the jurisdiction in which it arose, no action may be maintained in the courts of this State for the enforcement thereof, except where the cause of action originally accrued in favor of a resident of this State.

Defendant also cited North Carolina case law which interprets § 1–21 as a "limited borrowing statute"—meaning that North Carolina courts will "borrow" a foreign statute of limitations only in those situations where the foreign statute would bar

the action. Therefore, defendant argued, the South Carolina limitation does not apply.

On August 1, 1983, plaintiffs moved that this court transfer the case to the United States District Court for the District of South Carolina on the ground that the ends of justice and the convenience of the parties and witnesses will be served by trying the case in that state. Defendant has opposed that motion.

There is little question that the North Carolina statute of limitations applies in this case. In a conflict of laws question, the general rule is that the forum court will apply the *lex fori* in procedural matters. *Restatement (Second) of Conflict of Laws* § 122 (1971). Since North Carolina courts consider statutes of limitation to be procedural matters, *see Merchants & Planters National Bank of Sherman v. Appleyard*, 238 N.C. 145, 77 S.E.2d 783, 785 (1953), this action is subject to N.C.G.S. § 1–52, which allows a litigant three years from the accrual of the cause of action in which to bring suit.

Defendant is correct that N.C.G.S. § 1–21 governs the application of § 1–52 in this case. Defendant is wrong, however, about which portion of § 1–21 governs. The relevant portion of § 1–21 is the first sentence, which reads:

If when the cause of action accrues ... against a person, he is out of the State, action may be commenced ... within the times herein limited *after the return of the person into this State* ....

(Emphasis added.)

Section 1–21 has been construed to mean that, if the cause of action arises in another state against an out of state defendant, then the statute of limitation does not begin to run until the nonresident defendant comes into this state so that he or she is subject to the personal jurisdiction of this state's courts. *See Merchants & Planters National Bank of Sherman v. Appleyard*, 238 N.C. 145, 77 S.E.2d 783 (1953); *Hill v. Lindsay*, 210 N.C. 694, 188 S.E. 406 (1936); *Travis v. McLaughlin*, 29 N.C.App. 389,

224 S.E.2d 243 (1976); *Duke University v. Chestnut*, 28 N.C.App. 568, 221 S.E.2d 895 (1976). This construction of § 1–21 makes sense because of the second sentence of the statute—the "borrowing statute" element of § 1–21. That sentence limits the effect of the first sentence of § 1–21 by applying the foreign state's statute of limitation in those situations where the foreign statute would bar the action. In other words, the "borrowing statute" will prevent a plaintiff from retaining the right to sue indefinitely.

In this case, therefore, § 1–21 operates to allow plaintiffs' suit to go forward despite the lapse of almost six years since the accident. The defendant is and has remained a citizen of South Carolina; the defendant committed the alleged tort in South Carolina; and all the injury occurred in South Carolina. Consequently, the defendant was never subject to the personal jurisdiction of this court until the defendant answered the complaint on March 31, 1983. Since no North Carolina courts could acquire jurisdiction over the defendant, § 1–21 tolled the running of the three-year limitation of § 1–52. The "borrowing statute" portion of § 1–21 does not apply to bar the action because the South Carolina limitation period had not run at the time this suit was filed.

The court finds that it is neither for the convenience of the parties nor in the interests of justice that this case be transferred to South Carolina.

IT IS, THEREFORE, ORDERED that the defendant's motion for summary judgment and the plaintiffs' motion to transfer are DENIED.